970 P.2d 942

**Phillip YOUNG and Jane Doe Young, his wife, Plaintiffs–Appellants,**

v.

**CITY OF SCOTTSDALE, a municipality, Defendant–Appellee.**

No. 1 CA–CV 97–0298.

Court of Appeals of Arizona, Division 1, Department D.

July 14, 1998.

Review Denied Jan. 12, 1999.

Proper & Kirkorsky by Jeffrey M. Proper, Phoenix, for Plaintiffs–Appellants.

Copple, Chamberlin & Boehm, P.C. by Scott E. Boehm, Phoenix, for Defendant–Appellee.

## OPINION

NOYES, Judge.

¶ 1 Phillip Young filed a tort claim with the City of Scottsdale, and the City denied the claim. Young then filed this lawsuit, and the City obtained summary judgment on grounds that Young did not comply with the claim statute, Arizona Revised Statutes Annotated ("A.R.S.") section 12–821.01 (Supp. 1997). Young appeals, and we reverse and remand. We hold that the claim statute neither overrules *Hollingsworth v. City of Phoenix,* 164 Ariz. 462, 793 P.2d 1129 (App. 1990), nor abrogates the discovery rule. We affirm as to Young's wife because she filed no claim.

## Facts

¶ 2 On November 15, 1995, Phillip Young tripped on a sidewalk section that had become raised by a tree root. He fell and suffered a broken wrist and other injuries. Young retained counsel, who later obtained and reviewed the Covenants, Conditions and Restrictions for the subdivision he thought the sidewalk was in, and sent a claim letter to its homeowners' association. From the response, counsel learned that the sidewalk was in another subdivision. After verifying this fact, counsel wrote to the homeowners' association of this other subdivision—and learned that the sidewalk had been dedicated to the City of Scottsdale.

¶ 3 On July 15, 1996, counsel sent the Scottsdale City Attorney a letter advising of Young's injury and counsel's belief that the City was liable, and requesting a response. Counsel soon received a call from Lee Damner of Arizona All Claims, Inc. When Damner heard the date of injury, he said that the claim sounded untimely because it was not filed within 180 days of accrual. On August 5, 1996 (264 days after the injury), counsel sent Damner a claim letter, with copies to the City Attorney and the City Manager. This letter explained counsel's liability theory and his difficulty in discovering who was responsible for the sidewalk, and it contained the following discussion regarding damages:

> As a result [of the trip and fall], Mr. Young sustained a fracture of his left hand, damage to the cartilage in his right hand, an ankle injury, cuts and bruises on his face and damage to his knee which has been operated on and is currently under continued observation. Mr. Young sustained a metacarpal fracture of his left wrist and other, as yet unspecified damage to both hands, his face, knee and ankle.

> Mr. Young is 75 years old but in robust health otherwise.

> . . . .

> At this time, the full extent of Mr. Young's injuries have not been fully ascertained. We do believe, however, that based on the information available to us, his damages will not exceed $100,000.00.

> After you have reviewed the contents of this letter, I would appreciate it if you would call me to discuss this matter further.

> In light of the fact that my client's medical treatment has not terminated, I would

suggest that the time for specifying this amount in the claim be extended until his treatment has been completed.

On September 12, 1996, Damner responded in writing and denied the claim as untimely; his entire letter was as follows:

As you know, we are the independent adjusting firm retained by the City of Scottsdale to assist them in evaluating this matter. Immediately upon receiving your July 15, 1996 letter, we contacted you advising that this was the city's first notice of the claim and that it had been filed late, past the six months statute as provided under ARS 12–821.01.

Based on the above, it appears that your client, Phillip Young, is barred from pursuing a claim against the City of Scottsdale.

Please be assured that your cooperation has been greatly appreciated.

¶ 4 Young and his wife filed suit on October 10, 1996, less than one year after the injury, naming as defendants the City and a party not involved in this appeal, the Scottsdale Ranch Community Association. The City moved for summary judgment on grounds that the Youngs had failed to comply with the claim statute in several respects. The trial court granted the motion, finding that the claim letter was untimely and did not contain a "specific amount." The court entered final judgment under Arizona Rules of Civil Procedure, Rule 54(b), dismissing the claim against the City. We have jurisdiction of the Youngs' timely appeal pursuant to A.R.S. section 12–2101(B) (1994).

## Standard of Review

¶ 5 Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Orme School v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). Our review of a summary judgment is *de novo,* as is our review of a question of statutory interpretation. *Hawkins v. State,* 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App. 1995).

## The Claim Statute

¶ 6 In Arizona, governmental entities are generally liable for tortious conduct. *Ryan v. State,* 134 Ariz. 308, 311, 656 P.2d 597, 600 (1982). Our Constitution provides, however, that "[t]he Legislature shall direct by law in what manner and in what courts suits may be brought against the State." Ariz. Const. art. 4, pt. 2, § 18. The legislature may restrict the right to sue the government and the manner in which a suit may be maintained. *Landry v. Superior Ct.,* 125 Ariz. 337, 338, 609 P.2d 607, 608 (App.1980). A claim statute is an accepted legislative restriction on the right to sue the government. The United States Supreme Court, in considering a Wisconsin notice of claim statute, stated, "No one disputes the general and unassailable proposition ... that States may establish the rules of procedure governing litigation in their own courts." *Felder v. Casey,* 487 U.S. 131, 138, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (holding that state claim statute did not apply to federal civil rights claim brought in state court, but noting that federal courts were required to apply state claim statute to state law claims).

¶ 7 The Arizona claim statute provides as follows:

A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. **The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.** Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

B. For purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality

or condition which caused or contributed to the damage.

A.R.S. § 12–821.01 (emphasis added).

### The Specific Amount Requirement

■ ˙¶ 8 Young's claim letter lacked a "specific amount," but he argued that it met the reasonableness standard adopted in *Hollingsworth*, which found that

> where a claim letter gives the public entity notice of the nature of the claim, the general facts upon which the claim is based, a reasonable estimate of what the claim is worth, and the relief sought, the purpose of A.R.S. § 12–821 . . . is satisfied.

164 Ariz. at 466, 793 P.2d at 1133. The trial court concluded that, when the legislature amended the statute to require a "specific amount," it rejected the *Hollingsworth* reasonableness standard. In explaining our disagreement with that conclusion, we discuss the common law roots of the "specific amount" requirement.

¶ 9 Prior to the 1994 enactment of A.R.S. section 12–821.01, the claim statute (section 12–821) was vague regarding the meaning of "claim" and contained no "specific amount" requirement. The genesis of the required specificity was an appellate opinion that stated that the purposes of a claims statute were

> (1) to afford an opportunity to the agency to investigate the merits of the claim and seasonably assess its potential for liability, (2) to afford the opportunity to arrive at a settlement of the controversy and thus avoid the litigation between the state and its citizens, and (3) to establish an orderly procedure by which the legislature will be advised of claims in instances where no provision has been made for payment.

*State v. Brooks*, 23 Ariz.App. 463, 466, 534 P.2d 271, 274 (1975) (citations omitted). The court reasoned that "a valid claim must contain enough information to allow the State to intelligently ascertain these purposes so that it can conscientiously allow or disallow that claim and if disallowed thereby trigger the right of the citizen to seek redress in the courts." *Id.* The court then held that the claim must contain the amount that is claimed because the question " 'how much is it going to cost?' is an integral part of any intelligent determination of whether a claim should be allowed or disallowed." *Id.* at 467, 534 P.2d at 275.

¶ 10 Then came *Dassinger v. Oden*, 124 Ariz. 551, 606 P.2d 41 (App.1979), which rejected a claim because "[t]here [was] no sum certain contained in the letter which plaintiffs would have been satisfied to settle for." *Id.* at 553, 606 P.2d at 43. This was the birth of the "sum certain" requirement. The court's rigid reading of the claim statute was influenced by its mistaken impression that compliance with the claim statute is "a jurisdictional prerequisite to the filing of a suit against the State." *Id.* As *Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990), later made clear, however, the filing of a claim, though mandatory, is a procedural rather than a jurisdictional requirement and, "[l]ike a statute of limitations, this procedural requirement is subject to waiver, estoppel and equitable tolling."

¶ 11 *Brooks* and *Dassinger* were reconciled by *Hollingsworth*, which analyzed a claim letter that stated, "At present, it would not be practical to demand or offer a sum certain to compensate Mr. Hollingsworth for [his injuries]. However, an educated estimate of not less than $125,000.00 would be conservative given the aggravated nature of the officer's conduct." 164 Ariz. at 463, 793 P.2d at 1130. The court found that this letter met the "sum certain" requirement because it "placed an estimated total value on his claim." *Id.* at 465, 793 P.2d at 1132. The court then adopted a reasonableness standard for the "sum certain" requirement, observing that a reasonable estimate may promote settlement more effectively than an exaggerated fixed-sum estimate:

> Reasonable estimates of the value of a claim contribute to an assessment of a total claim; a rigid fixed sum or settlement figure does not. A rigid fixed sum [requirement] certainly more often than not either delays notification or encourages quick unrealistic exaggerated demands. Requiring claimants to state an *exact* damage figure is simply unrealistic.

*Id.* at 466, 793 P.2d at 1133.

¶ 12 Four years later, the legislature enacted section 12–821.01 and its "specific

amount" requirement. The City argues, in effect, that this statute mandates the sort of "rigid fixed sum" found unreasonable by *Hollingsworth.* We find no legislative history of an intention to reject *Hollingsworth;* in fact, it seems likely that section 12–821.01 was intended to codify *Hollingsworth.* In any event, and for reasons that are well-stated in *Brooks* and *Hollingsworth,* we conclude that the "specific amount" requirement must be interpreted in light of the claim statute's purposes as explained in *Brooks* and the reasonableness standard as explained in *Hollingsworth.*

¶ 13   This claim letter did not state a "specific amount," and it explained why it did not. Reasonably read, however, this claim letter, like the one in *Hollingsworth,* satisfied the purposes of the claim statute because, in addition to providing other necessary information, the letter provided a reasonable estimate of the value of the claim. This estimate was more helpful to an adjuster's evaluation of the claim than some arbitrary settlement demand would have been, even though everyone agrees that such a demand would have mooted the present dispute about the "specific amount" requirement. Diligent claimants will moot such disputes by clearly complying with the statute's procedural requirements. Counsel did not moot the dispute here, but his letter met the *Hollingsworth* reasonableness standard, which is the one by which such letters must be measured.

### Service of Process

¶ 14   The City argues that dismissal was proper because Young did not file his claim properly. The trial court did not refer to this argument, but we discuss it because we will affirm if the trial court's decision is correct for any reason. *Crye v. Edwards,* 178 Ariz. 327, 328, 873 P.2d 665, 666 (App. 1993).

¶ 15   In Arizona, claims must be filed "with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure...." A.R.S. § 12–821.01(A). As relevant here, Rule 4.1(i) of those rules provides that service on a city be made upon "the chief executive officer, the secretary,

clerk, or recording officer thereof." Young's claim was not served on such persons, but the City processed the claim anyway. We hold that the City waived any complaint about service of process when it referred the matter to a claims adjuster, who considered and denied the claim without objecting to the service of process.

### The Discovery Rule

¶ 16   The dismissal was also based on the fact that Young filed his claim more than 180 days after he was injured. Young argued that the claim was timely because it was made within 180 days of discovering that the City was the party whose negligence caused his injury. The City argued, and the trial court concluded, that the claim statute abrogates the "discovery rule."

¶ 17   Arizona statutes define when a statute accrues for purposes of filing notices of claims: "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the *cause, source, act, event, instrumentality or condition which caused or contributed to the damage."* A.R.S. § 12–821.01(B) (emphasis added). The City argues that Young knew many of the above-listed factors on the day he was injured, and that if he knew even one of them, his cause of action accrued then, no matter when he discovered who caused his injury. We reject this interpretation of the claim statute.

¶ 18   Arizona follows the "discovery rule," under which a cause of action accrues "when the plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by a *particular* defendant's negligent conduct." *Lawhon v. L.B.J. Inst. Supply, Inc.,* 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (App.1988); *Anson v. American Motors Corp.,* 155 Ariz. 420, 423, 747 P.2d 581, 584 (App.1987). *See also Kenyon v. Hammer,* 142 Ariz. 69, 76 n. 6, 688 P.2d 961, 968 n. 6 (1984). We doubt that the legislature intended the claim statute to abrogate the discovery rule. *See, e.g.,* Minutes of Judiciary Committee Meeting, March 24, 1994, at 6 (remarks by attorney for the Arizona Cham-

ber of Commerce) ("[T]his bill [S.B. 1284] puts back the category of claims against governmental employees and entities, as well as reinserting the discovery rule."). In any event, we hold that section 12–821.01 cannot abrogate the discovery rule. *Anson* held that a statute abrogating the discovery rule in wrongful death cases was "not rationally related to important state interests," was "unreasonable and arbitrary," and was "violative of the equal protection clause of the Arizona Constitution." 155 Ariz. at 424, 747 P.2d at 585. The same would be true of a claim statute that tried to abrogate the discovery rule.

¶ 19 The City argues that, if the discovery rule applies, Young should have discovered the City's responsibility within 180 days of his injury. This argument is not ripe for review. The trial court decided that the discovery rule did not apply and that Young's claim accrued on the date of injury; the trial court never decided whether genuine issues of material fact exist regarding Young's argument that, if the discovery rule is properly applied, he filed his claim within 180 days of its accrual.

¶ 20 The judgment is affirmed as to Jane Doe Young and reversed and remanded for further proceedings as to Phillip Young.

WEISBERG, P.J., and VOSS, J., concur.