211 P.3d 1203

**Daniel BEYNON and Susan Beynon, husband and wife, Plaintiffs/Appellants,**

**v.**

**Stephen M. TREZZA, a single man, dba Trezza & Bradley; Brad Thrush and if married, Jane Doe Thrush, Defendants/Appellees.**

No. 2 CA-CV 2008-0082.

Court of Appeals of Arizona, Division 2, Department A.

April 13, 2009.

Robert S. Wolkin, Tucson, Attorney for Plaintiffs/Appellants.

Gust Rosenfeld, P.L.C. By James W. Kaucher and Magdalena Osborn, Tucson, Attorneys for Defendants/Appellees.

## OPINION

PELANDER, Chief Judge.

¶ 1 In this attorney malpractice action, plaintiffs/appellants Daniel and Susan Beynon appeal from the trial court's grant of summary judgment in favor of defendants/appellees Brad Thrush, Stephen Trezza, and their law firm, Trezza & Bradley (collectively Thrush). It is undisputed that, on plaintiffs' underlying negligence claim against the state, Thrush failed to timely file an action on their behalf within the one-year limitations period prescribed in A.R.S. § 12–821. Nonetheless, the trial court ruled, plaintiffs could not have prevailed in their underlying case because they failed to strictly comply with the notice-of-claim statute, A.R.S. § 12–821.01(A), thereby barring any cause of action against the state. For the reasons set forth below, we affirm.

## Background

¶ 2 "In reviewing a grant of summary judgment, we view the facts and inferences therefrom in the light most favorable to the party against whom judgment was entered." *Collins v. Miller & Miller, Ltd.*, 189 Ariz. 387, 392, 943 P.2d 747, 752 (App.1996). On March 1, 2002, while driving a vehicle titled in the name of a third party (Rooney), Daniel Beynon was injured when his vehicle collided with another vehicle driven by a state employee. On March 11, Anthony Peck, an adjuster for the Risk Management Section of the Arizona Attorney General's Office, went to Beynon's residence. Peck brought with him a notice-of-claim form, which he assisted Beynon in filling out before taking the completed form with him. Rooney was the only claimant designated on that form, which Beynon signed on Rooney's behalf. The form specified $10,000 as the amount of the claim and included the following statement: "I am seeking reimburs[e]ment for my truck & [d]octor." On March 18, the state settled the property damage claim with Rooney for $2,500.

¶ 3 On March 25, 2002, Beynon visited his chiropractor. Beynon averred below that during that appointment, he "realized the amount and costs of [his] treatment were going to be more than [he] had alleged in the March 11th, 2002 Notice of Claim." The chiropractor provided a blank notice-of-claim form, which Beynon completed with the chiropractor's assistance. The chiropractor then telefaxed that notice of claim to Peck, who received it on March 25.

¶ 4 The March 25 notice of claim designated only Daniel Beynon as the claimant and specified $50,000 as the amount for which his

claim could be settled.[1] The form instructed the claimant to "[i]dentify the circumstances under which the damage or injuries were sustained, the cause thereof and the nature and extent of the damages and/or injuries." In that section of the form, Beynon merely stated: "[The state employee] did a u[-]turn in front of me. She was talking on her phone & looking at maps[, w]hich caused me to colide [sic] with her."

¶ 5 On January 28, 2003, Beynon retained attorney Thrush to represent him on his claim against the state arising from the March 2002 accident. Beynon and Thrush entered into a contingent fee agreement on that date. Beynon averred in an affidavit below that up to that point he had "maintained communication" with Peck, who had "informed [him] that [his] claim was being investigated and adjusted by the State." Similarly, Peck averred that he had "adjust[ed]" Beynon's claim for one year, until the limitations period expired on March 1, 2003, and had spoken with Thrush before that expiration date.

¶ 6 In a letter dated February 26, 2003, Thrush informed Beynon that his law firm was "already working on" Beynon's "personal injury case" and would "work to correct any oversight." As noted above, however, it is undisputed that Thrush did not file an action on Beynon's behalf against the state and, therefore, the one-year limitations period expired on March 1, 2003, pursuant to § 12–821. On March 27, Peck informed Beynon by telephone that "his claim was barred because counsel who represented him did not send a Subrogation Demand package or [timely] file suit." Peck confirmed that conversation by letter to Beynon dated March 31, stating his claim was time-barred pursuant to § 12–821. In a letter to Beynon dated March 27, Thrush canceled the contingency

fee agreement, stating, "it appears that the question of legal responsibility or liability in your case will generate considerable debate" and "the outlook for recovery for you does not justify our proceeding with your case." In that same letter, Thrush informed Beynon of the one-year limitations period and the notice-of-claim requirement applicable to claims against governmental entities, stating "[t]hese and other time periods, subject to several exceptions, may cut off your right to claim for your injury."

¶ 7 On February 25, 2005, Beynon filed this action, alleging Thrush committed attorney malpractice by failing to timely file a lawsuit on Beynon's behalf against the state. Thrush generally denied liability and alleged various affirmative defenses, but none relating to the notice-of-claim requirements. In late December 2006, however, Thrush moved for summary judgment, contending Beynon's notice of claim was substantively deficient and improperly served. On that same date, Beynon moved to amend his complaint to add claims for breach of contract and breach of fiduciary duty, and the trial court ultimately granted that motion.

¶ 8 In late February 2007, the Arizona Supreme Court issued its opinion in *Deer Valley Unified School District No. 97 v. Houser*, 214 Ariz. 293, 152 P.3d 490 (2007). The parties then filed supplemental briefs to address the effect, if any, of *Deer Valley* on Thrush's pending motion for summary judgment. After the parties argued the motion in September 2007,[2] the trial court granted summary judgment in favor of Thrush. This appeal followed the court's entry of formal judgment in his favor.

### Discussion

¶ 9 On appeal from the grant of summary judgment, we review de novo whether any

---

1. The copies of the March 25 notice of claim in the record appear to reflect $50,000 as the amount of the claim. In his disclosure statement filed below, Beynon confirmed he had requested $50,000 "as personal injury damages as a result of the accident." And, in the statement of facts accompanying his motion for summary judgment, Thrush said the March 25 notice "stated that the claim could be settled for $50,000, but [Beynon] did not provide any facts to support his injury claim." On appeal, however, both sides

inexplicably refer to the amount set forth in Beynon's notice of claim as actually being $30,000.

2. The hearing on Thrush's motion was delayed due to the death of Beynon's former counsel and the substitution of new counsel. The record does not contain a transcript of the parties' argument on the summary judgment motion.

genuine issue of material fact exists and whether the trial court erred in applying the law. *See Collins,* 189 Ariz. at 392, 943 P.2d at 752; *see also Jones v. Cochise County,* 218 Ariz. 372, ¶ 7, 187 P.3d 97, 100 (App.2008). We also review de novo the "trial court's determination that [Beynon]'s notice of claim failed to comply with § 12–821.01." *Id.* Summary judgment is appropriate if the law supports the motion and "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves,* 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

## I.

¶ 10 An attorney-malpractice claim based on the lawyer's allegedly negligent acts or omissions in the litigation context essentially requires analysis of " 'the case within the case.' " *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn,* 184 Ariz. 120, 131, 907 P.2d 506, 517 (App.1995); *see also Molever v. Roush,* 152 Ariz. 367, 374–75, 732 P.2d 1105, 1112–13 (App.1986). "As with all negligence claims, a plaintiff asserting legal malpractice must prove the existence of a duty, breach of duty, that the defendant's negligence was the actual and proximate cause of injury, and the 'nature and extent' of damages." *Glaze v. Larsen,* 207 Ariz. 26, ¶ 12, 83 P.3d 26, 29 (2004); *see also Molever,* 152 Ariz. at 371, 732 P.2d at 1109; *Phillips v. Clancy,* 152 Ariz. 415, 418, 733 P.2d 300, 303 (App.1986). "A necessary part of the legal malpractice plaintiff's burden of proof of proximate cause is to establish that 'but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit.' " *Glaze,* 207 Ariz. 26, ¶ 12, 83 P.3d at 29, *quoting Phillips,* 152 Ariz. at 418, 733 P.2d at 303; *see also DeSilva v. Baker,* 208 Ariz. 597, ¶ 11, 96 P.3d 1084, 1087 (App.2004). If a question of law would have been dispositive in the underlying action, "it remain[s] a question of law for the court to decide in the malpractice action." *DeSilva,* 208 Ariz. 597, ¶ 13, 96 P.3d at 1088; *see also Molever,* 152 Ariz. at 374–75, 732 P.2d at 1112–13.

¶ 11 Originally enacted in 1993 and amended in 1994, § 12–821 provides: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." Section 12–821.01(A), enacted in 1994, provides:

Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

When, as here, a claim is against the state, the only "person ... authorized to accept service for the public entity or public employee" is the Attorney General, on whom service must be made by mail or personal service. § 12–821.01(A); *see* Ariz. R. Civ. P. 4.1(h); *Lee v. State,* 218 Ariz. 235, ¶ 7, 182 P.3d 1169, 1171 (2008) ("filing" of notice of claim against state means actual delivery of such notice to the Attorney General).

¶ 12 In *Deer Valley,* our supreme court ruled that the plaintiff (real party in interest) "fail[ed] to state a specific amount that she would accept to settle her claims" and, therefore, "did not file a valid notice of claim within the statutory time limit." 214 Ariz. 293, ¶¶ 11, 23, 152 P.3d at 494, 496. The court noted, "the Legislature intended the 1994 [statutory] changes to establish specific requirements that must be met for a claimant to file a valid claim with a government entity." *Id.* ¶ 21. "Claims that do not comply with A.R.S. § 12–821.01.A are statutorily barred." *Id.* ¶ 6; *see also Falcon ex rel. Sandoval v. Maricopa County,* 213 Ariz. 525, ¶ 10, 144 P.3d 1254, 1256 (2006) ("Actual

notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12–821.01(A)."); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 25, 160 P.3d 223, 230 (App.2007) (" 'Compliance with the notice provision of § 12–821.01(A) is a "mandatory" and "essential" prerequisite to such an action ....' "), *quoting Salerno v. Espinoza*, 210 Ariz. 586, ¶ 7, 115 P.3d 626, 628 (App.2005).

¶ 13 Without retreating from *Deer Valley*, our supreme court recently held "a claimant complies with the supporting-facts requirement of § 12–821.01.A by providing the factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed." *Backus v. State*, 220 Ariz. 101, ¶ 23, 203 P.3d 499 (2009). At oral argument in this court, Beynon suggested *Backus* essentially eliminated from the statute any requirement that a claimant provide "facts supporting th[e] amount" claimed. § 12–821.01(A). We disagree.

¶ 14 The supreme court repeatedly has recognized it is "not empowered" to "rewrit[e] and vary[ ] the plain language of [a] statute." *Balestrieri v. Hartford Accident & Indem. Ins. Co.*, 112 Ariz. 160, 163, 540 P.2d 126, 129 (1975), *overruled on other grounds by Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 102, 859 P.2d 724, 725 (1993); *see also Ariz. Water Co. v. Ariz. Dep't of Water Res.*, 208 Ariz. 147, ¶ 28, 91 P.3d 990, 997 (2004); *Padilla v. Indus. Comm'n*, 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976) ("We do not presume the prerogative of rewriting a statute which is clear and unambiguous."). In *Backus*, the court concluded "the statutory language [in § 12–821.01(A) ] imposing the supporting-facts requirement is not clear and unequivocal." 220 Ariz. 101, ¶ 16, 203 P.3d 499. That conclusion, however, pertained to the specific issue at hand—"the standard that applies to determine whether a claim adequately states the 'facts supporting' the amount claimed." *Id.* ¶ 1; *see also id.* ¶¶ 15, 23. The court did not suggest that § 12–821.01(A) is unclear or ambiguous on whether a claimant must at least furnish *some* facts to support the amount claimed.

¶ 15 In short, the court in *Backus* did not completely abrogate that statutory requirement. Rather, in explaining its holding and the standard it enunciated in *Backus*, the court said, "as long as a claimant *provides facts* to support the amount claimed, he has complied with the supporting-facts requirement of the statute." 220 Ariz. 101, ¶ 23, 203 P.3d 499 (emphasis added). In addition, the court confirmed "the supporting-facts provision 'requires that claimants explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claimed.' " *Id.* ¶ 17, *quoting Deer Valley*, 214 Ariz. 293, ¶ 9, 152 P.3d at 493.

¶ 16 Based on multiple grounds, Beynon argues the trial court erred in finding as a matter of law he had failed to comply with § 12–821.01(A). We agree with Thrush, however, that Beynon's notice of claim does not satisfy the requirements of that statute inasmuch as it provides absolutely no "facts supporting th[e] amount" demanded therein. § 12–821.01(A). As Thrush points out, Beynon did not "describe his injury" at all or "even claim to be injured." Even if liberally construed, Beynon's notice of claim totally failed to " 'explain the amount[ ] identified in the claim by providing the [state] with a factual foundation to permit the [state] to evaluate the amount claimed.' " *Backus*, 220 Ariz. 101, ¶ 17, 203 P.3d 499, *quoting Deer Valley*, 214 Ariz. 293, ¶ 9, 152 P.3d at 493.

¶ 17 Unlike some of the cases on which Beynon relies, this appeal does not present an issue concerning the *sufficiency* of facts presented in support of a settlement demand. *See, e.g., id.* ¶¶ 2–4, 29; *Havasupai Tribe v. Ariz. Bd. of Regents*, 220 Ariz. 214, ¶¶ 35–55, 204 P.3d 1063 (App.2008); *Vasquez v. State*, 220 Ariz. 304, ¶¶ 7–19, 206 P.3d 753 (Ariz.Ct. App. 2008); *Yollin v. City of Glendale*, 219 Ariz. 24, ¶¶ 22–38, 191 P.3d 1040, 1047–51 (App.2008). Rather, as noted above, Beynon's notice of claim did not include any facts relating to any alleged injuries or damages. A notice of claim that provides no facts whatsoever to explain or justify a particular damage claim is legally deficient, and any claim based on that notice is statutorily barred. *See Deer Valley*, 214 Ariz. 293, ¶ 6 & n. 3, 152 P.3d at 492, 494 n. 3; *cf. Yollin*, 219 Ariz. 24, ¶¶ 22–38, 191 P.3d at 1047–51.

## II.

¶ 18 Seeking to avoid that conclusion in this case, Beynon contends the state accepted his claim within the first 180 days after the accident and before the one-year limitations period expired. That contention appears to overlap with a separate argument Beynon makes—that the state would have been estopped from denying his claim based on a notice-of-claim defense. We find no merit to these arguments.

¶ 19 In support of his assertions, Beynon points to the fact that Peck, the state's adjuster, visited Beynon shortly after the accident, assisted him in preparing the Rooney notice of claim, and settled Rooney's property damage claim shortly thereafter. But we find misplaced Beynon's reliance on Rooney's notice of claim to salvage his own.[3] Rooney was the only claimant designated in the first notice, and the property damage settlement was made only with him. In any event, Rooney's notice of claim did not describe in any meaningful way any injuries or damages Beynon might claim.

¶ 20 As Beynon points out, Peck averred below in his affidavit that "[t]he Beynon claim would have been adjusted to conclusion, but for the failure of counsel to meet the Statu[t]e of Limitations." That averment, however, does not undermine the trial court's summary judgment ruling. Although Beynon's notice of claim was telefaxed to Peck, nothing in the record suggests Peck approved or validated that notice as statutorily compliant. More importantly, the record does not suggest Peck would have been authorized to do so or to otherwise waive on the state's behalf the notice-of-claim defense. As Thrush points out, considering the amount Beynon demanded, "Peck did not have the authority to settle [his] claim," because "[a]ny settlement required approval of [the] Director of the Department of Administration" as well as the Attorney General. *See* A.R.S. § 41–621(N). Because Peck's averment is not only vague but also lacks foundation and legal support, it "ha[s] so little probative value, given the quantum of evidence required, that reasonable people could not

agree with the conclusion advanced" by Beynon. *Orme Sch.*, 166 Ariz. at 309, 802 P.2d at 1008.

¶ 21 We find Beynon's related estoppel argument equally unpersuasive. Generally, equitable estoppel applies when a party shows (1) affirmative acts inconsistent with a claim later relied on, (2) action by a party relying on such conduct, and (3) injury to the party from a repudiation of such conduct. *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, ¶ 10, 96 P.3d 530, 535 (App.2004); *see also Lowe v. Pima County*, 217 Ariz. 642, ¶ 33, 177 P.3d 1214, 1222 (App.2008). In some limited circumstances, equitable estoppel can apply to the state. *See Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, ¶¶ 33–34, 959 P.2d 1256, 1267 (1998). But estoppel should be applied against the government " 'with utmost caution and restraint.' " *Id.* ¶ 41, *quoting Schuster v. Comm'r*, 312 F.2d 311, 317 (9th Cir.1962).

¶ 22 "The government ordinarily is neither estopped by 'the casual acts, advice, or instructions issued by nonsupervisory employees,' nor estopped 'from correcting a mistake of law.' " *Thomas & King, Inc. v. City of Phoenix*, 208 Ariz. 203, ¶ 27, 92 P.3d 429, 436 (App.2004) (internal citation omitted), *quoting Valencia Energy*, 191 Ariz. 565, ¶¶ 36, 41, 959 P.2d at 1268, 1270. To establish his equitable estoppel claim, Beynon had to show that Peck's statements or conduct bore " 'some considerable degree of formalism under the circumstances' " and were " 'taken by or ha[d] the approval of a person authorized to act in the area under consideration.' " *Long v. City of Glendale*, 208 Ariz. 319, ¶ 40, 93 P.3d 519, 530 (App.2004), *quoting Valencia Energy*, 191 Ariz. 565, ¶ 36, 959 P.2d at 1268. Beynon made no such showing and, therefore, did not sustain his burden of proving all of the requisite elements of equitable estoppel. *See Lowe*, 217 Ariz. 642, ¶ 34, 177 P.3d at 1222 (party asserting equitable estoppel bears burden of proving its elements); *see also Long*, 208 Ariz. 319, ¶ 41, 93 P.3d at 531 ("In the absence of a formalized

---

**3.** At oral argument in this court, Beynon asserted he had filed the March 11 notice of claim on his own behalf, but the notice itself belies that assertion.

written promise, there can be no basis for estoppel."). Accordingly, the trial court did not err in implicitly rejecting Beynon's equitable estoppel theory.[4]

¶ 23 In a related argument, Beynon contends that, "[h]ad the bodily injury claim portion of [his] claim been timely presented, there is nothing in this record to suggest that it would not have been paid." Again relying on Peck's affidavit, Beynon further asserts the trial court "engaged in sheer speculation" in ruling the state necessarily would have alleged the notice-of-claim defense had his lawsuit been timely filed. The court, however, did not speculate about anything. Rather, it merely followed the law in concluding that Beynon's notice of claim was legally deficient and, therefore, the claim was "barred and no action [could] be maintained thereon." § 12-821.01(A); *see also Deer Valley*, 214 Ariz. 293, ¶ 23, 152 P.3d at 496 ("Because [plaintiff] did not file a valid notice of claim within the statutory time limit, her claim is barred by statute."); *DeSilva*, 208 Ariz. 597, ¶¶ 12-13, 96 P.3d at 1087-88 (in attorney-malpractice action, no need to address plaintiff's contention that defendants in underlying case "would have had to assert and prevail upon the affirmative defense of absolute immunity" when that issue "was a question of law in the underlying action" and "in the malpractice action"); *cf. Yollin*, 219 Ariz. 24, ¶¶ 22-23, 191 P.3d at 1047-48.

## III.

¶ 24 Beynon's notice of claim was not only substantively deficient but, as the trial court also correctly ruled, it was not properly served on the Attorney General, as the law requires for claims against the state. *See* § 12-821.01(A); Ariz. R. Civ. P. 4.1(h); *see also Lee*, 218 Ariz. 235, ¶ 7, 182 P.3d at 1171; *cf. Falcon*, 213 Ariz. 525, ¶¶ 10, 34, 144

P.3d at 1256, 1260 (service of notice of claim on one member of county board of supervisors insufficient); *Barth v. Cochise County*, 213 Ariz. 59, ¶¶ 5-6, 16-17, 138 P.3d 1186, 1188, 1190-91 (App.2006) (letters served on board of supervisors before claim arose and notice sent to deputy county attorney did not comply with § 12-821.01). Beynon, instead, sent his notice of claim to Peck, the state's adjuster. Beynon's insufficient "filing," or service, of his notice of claim, a matter he did not directly contest below or in his appellate briefs, constitutes a separate ground on which his claim is statutorily barred. *See Harris*, 215 Ariz. 344, ¶¶ 25-26, 160 P.3d at 230-31.

¶ 25 At oral argument in this court, Beynon asserted for the first time that § 12-821.01(A) only requires "filing" of a notice of claim against the state, not service on the Attorney General. But the statute expressly incorporates by reference the applicable requirements of the Arizona Rules of Civil Procedure, here, Rule 4.1(h). That rule dictates the person with whom a notice of claim must be "file[d]," that is, "the person ... authorized to accept service for the public entity." § 12-821.01(A). For claims against the state, absent a valid waiver, that person is the Attorney General. Ariz. R. Civ. P. 4.1(h). It was Beynon's burden to show he had properly filed the notice of claim with the state, and he failed to do so. *See Kadota v. Hosogai*, 125 Ariz. 131, 133-34, 608 P.2d 68, 70-71 (App.1980) (party attempting service has burden of establishing proper service when challenged). That failure alone warranted summary judgment against him in this case.

## IV.

¶ 26 Beynon next argues *Deer Valley* should not be applied retroactively to this

---

4. Citing *Jones v. Cochise County*, 218 Ariz. 372, 187 P.3d 97 (App.2008), Beynon argues for the first time in his reply brief "the claim statute is subject to waiver" and "waiver is a question of fact to be determined by the trier of fact." *See generally City of Phoenix v. Fields*, 219 Ariz. 568, ¶¶ 27-33, 201 P.3d 529, 535-36 (2009). We do not address that new argument because it was not raised below or in Beynon's opening brief, nor does he adequately develop a waiver argument on appeal. *See Vasquez*, 220 Ariz. 304, n.

6, 206 P.3d 753 (we will not address waiver argument first raised on appeal); *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 88, 181 P.3d 219, 242 (App.2008) (we will not address issues or arguments waived by party's failure to adequately develop them in their briefs); *Romero v. Sw. Ambulance*, 211 Ariz. 200, n. 3, 119 P.3d 467, 471 n. 3 (App.2005) (we generally do not address issues raised for first time in reply brief).

case. As noted above, however, *Backus* is now the controlling law on the issue at hand—whether Beynon complied with the supporting-facts requirement of § 12–821.01(A). In any event, our supreme court has made clear that "[u]nless otherwise specified, Arizona appellate opinions in civil cases operate both retroactively and prospectively." *Law v. Superior Court*, 157 Ariz. 147, 160, 755 P.2d 1135, 1148 (1988); *see also Taylor v. Travelers Indem. Co.*, 198 Ariz. 310, ¶ 30, 9 P.3d 1049, 1060 (2000). Moreover, "the supreme court in *Deer Valley* applied its holding to the plaintiffs in that case and 'remand[ed] [the case] to the superior court with instructions to dismiss'—thus applying its decision retroactively to the plaintiffs in that case." *Jones*, 218 Ariz. 372, n. 11, 187 P.3d at 106 n. 11, *quoting Deer Valley*, 214 Ariz. 293, ¶ 24, 152 P.3d at 496 (alterations in *Jones* ). Thus, the court in *Deer Valley* "did not state its holding should otherwise be applied prospectively only, suggesting it is to be applied both prospectively and retroactively." *Id.* In any event, it would not be appropriate for this court to determine whether the standard presumption of retroactivity applies to *Deer Valley*—"it is for the supreme court to determine whether its opinions should be applied only prospectively." *Id.*

¶ 27 We note, however, that even before our supreme court decided *Deer Valley*, Beynon's notice of claim did not comply with § 12–821.01(A), "which statutorily defined for the first time the information needed to comprise a claim" and has remained unchanged since its enactment in 1994. *Deer Valley*, 214 Ariz. 293, ¶ 19, 152 P.3d at 495. We find misplaced Beynon's reliance on *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 793 P.2d 1129 (App.1990), inasmuch as that case preceded by four years the enactment of § 12–821.01. Beynon also relies on *Young v. City of Scottsdale*, 193 Ariz. 110, 970 P.2d 942 (App.1998), in which the court held that § 12–821.01 neither "overrule[d] *Hollingsworth* " nor "rejected the *Hollingsworth* reasonableness standard" in determining the sufficiency of a notice of claim. *Young*, 193 Ariz. 110, ¶¶ 1, 8, 970 P.2d at 943, 945. According to Beynon, *Hollingsworth* and *Young* constituted "well-settled case law" in the

2002–2003 time frame, and *Deer Valley's* "strict constructionist approach" was not "foreshadowed by any means when [he] filed his Notice of Claim."

¶ 28 In *Deer Valley*, our supreme court "expressly disapprove[d] of the analysis in *Young* " and rejected *"Young's* conclusion that the statute includes a reasonableness standard." 214 Ariz. 293, ¶¶ 12, 21, 152 P.3d at 494, 496. As the court stated, "[t]o the extent that *Young* perpetuates the *Hollingsworth* reasonableness standard, it is irreconcilable with A.R.S. § 12–821.01.A." *Id.* ¶ 22. But *Deer Valley, Young*, and *Hollingsworth* all involved the statutory requirement not at issue here—that a notice of claim "contain a specific amount for which the claim can be settled," § 12–821.01(A), that is, the so-called " 'sum certain' requirement." *Young*, 193 Ariz. 110, ¶ 10, 970 P.2d at 945. The claim notices in *Hollingsworth* and *Young* described in some detail the nature and extent of the claimed injuries and damage. *See Young*, 193 Ariz. 110, ¶ 3, 970 P.2d at 943; *Hollingsworth*, 164 Ariz. at 463, 793 P.2d at 1130. In contrast, and as we already have observed, Beynon's notice of claim contained no such "facts supporting th[e] amount" he demanded to settle. § 12–821.01(A). Thus, Beynon's notice of claim clearly was deficient as a matter of law during the relevant time frame, well before *Deer Valley* was decided, rendering the retroactivity question inconsequential.

## V.

¶ 29 Beynon raises as a final issue whether the trial court erred in finding as a matter of law that the state could not have settled his claim before the one-year limitations period expired. Somewhat contradictorily, Beynon contends in his reply brief the trial court failed to even address whether Thrush was negligent not only in "failing to timely file suit" but also in failing "to settle [Beynon's] claim within the statute of limitations, since [Thrush] had a month to do so." According to Beynon, Thrush "had ample time to settle Beynon's case with [Peck] before the one year limitations statute even came into play," and Thrush's "negligence in failing to even attempt to settle" the claim between January

228

28 and March 1, 2003, "is not excused by any previous failure of Beynon to comply with the 180 day claim statute." Even if § 12–821.01(A) would have barred him "from recovery in a litigation setting," Beynon asserts, "[t]his separate negligence of counsel creates a genuine issue of fact" precluding summary judgment.

■ ¶ 30 In response, Thrush contends Beynon "never presented this claim in the trial court" and, therefore, may not do so for the first time on appeal. The record bears this out. In his response to Thrush's motion for summary judgment filed below, Beynon did not present the "failure to settle" claim he now makes. Nor did Beynon raise that argument in his supplemental response filed below, relating to any impact the *Deer Valley* case might have. Two months before the hearing on Thrush's motion, Beynon requested permission to file another supplemental memorandum to address, inter alia, whether "the case [could] have been settled[ ] or tried to conclusion before *Deer Valley* was decided." Although the trial court granted that request, Beynon ultimately opted to file "no additional written argumentation."

¶ 31 The day after the hearing on Thrush's motion for summary judgment, he requested permission to supplement his briefing in support of his motion. In that request, Thrush sought to address a theory apparently first raised by Beynon the day before at oral argument—even if his notice of claim was defective, "Thrush still could have settled the case [in February 2003] without litigation because [Peck] was supposedly willing to negotiate."[5] The trial court denied Thrush's request, however, as well as Beynon's request to respond to Thrush's proposed supplemental brief. In view of those unchallenged rulings by the trial court denying any further briefing by the parties after oral argument, and absent a transcript of the argument itself, we cannot say Beynon properly preserved his "failure to settle" theory or that the trial court erred in failing to expressly address it.

■ ¶ 32 Neither a trial nor appellate court need consider issues or arguments first raised below at oral argument on a motion for summary judgment. *See Morgan v. City of Phoenix*, 162 Ariz. 581, 587–88, 785 P.2d 101, 107–08 (App.1989); *see also Geddes v. United Staffing Alliance Employee Med. Plan*, 469 F.3d 919, 928 (10th Cir.2006); *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 197 Ariz. 87, ¶ 32, 3 P.3d 1007, 1015 (App.1999). "And, as a general rule, '[o]n appeal from summary judgment, a party may not advance new theories or raise new issues to attempt to secure a reversal.'" *Mitchell v. Gamble*, 207 Ariz. 364, ¶ 16, 86 P.3d 944, 950 (App.2004), *quoting Childress Buick Co. v. O'Connell*, 198 Ariz. 454, n. 2, 11 P.3d 413, 418 n. 2 (App. 2000). "We, therefore, do not consider this issue on appeal."[6] *Best v. Edwards*, 217 Ariz. 497, ¶ 28, 176 P.3d 695, 702 (App.

5.  Beynon refused to designate as part of the record on appeal the reporter's transcript of the oral argument on Thrush's motion for summary judgment, and the trial court denied Thrush's motion to compel the ordering of that transcript. Absent a transcript of the argument, we cannot determine whether, when, or how Beynon's failure-to-settle theory was actually presented and addressed at that hearing. And, in the absence of a transcript, we generally presume the record supports the trial court's ruling. *See Schoenfelder v. Ariz. Bank*, 165 Ariz. 79, 88 n. 7, 796 P.2d 881, 890 n. 7 (1990); *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n. 2, 584 P.2d 1156, 1159 n. 2 (1978).

6.  Additionally, "[w]e may uphold a grant of summary judgment if it is correct for any reason." *Jones*, 218 Ariz. 372, ¶ 16, 187 P.3d at 102. In that regard, we note Beynon failed to establish with any applicable legal authority, factual support, or expert opinion that the standard of care in the litigation context requires an attorney to attempt to negotiate and reach a settlement before filing an action. Because Beynon failed to establish any such duty existed, his malpractice claim based on Thrush's alleged failure to settle Beynon's claim before the limitations period expired necessarily fails. *See Glaze*, 207 Ariz. 26, ¶ 12, 83 P.3d at 29; *see also Collins*, 189 Ariz. at 394, 943 P.2d at 754 (in attorney malpractice action, plaintiff has "burden to produce evidence that would establish the standard of care for an attorney in [defendant/counsel's] position, as well as evidence that [defendant] fell below this standard"); *Baird v. Pace*, 156 Ariz. 418, 420, 752 P.2d 507, 509 (App.1987) ("Expert testimony is generally used to establish the standard of care by which the professional actions of an attorney are measured and to determine whether the attorney deviated from the proper standard.").

sion from a proven fact o[r] facts.'" *Martin v. Schroeder*, 209 Ariz. 531, ¶ 15, 105 P.3d 577, 581 (App.2005), *quoting Buzard v. Griffin*, 89 Ariz. 42, 48, 358 P.2d 155, 159 (1960). The failure to poll one of the jurors, or an error in the transcription of the polling, may be some evidence of how many jurors deliberated. But that evidence—with or without the transcript—will not support an inference that an insufficient number of jurors deliberated in the face of other evidence in the record that the correct number of jurors did deliberate. And, without that inference, Diaz has failed to satisfy his burden to show that fundamental error occurred at his trial. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). Therefore, the original opinion should be vacated, and I respectfully dissent.