VÁSQUEZ, Presiding Judge:
¶ 1 Pinal County seeks special action review of the respondent judge's denial of its motion to dismiss the complaint filed by real party in interest NGU Contracting Inc., on the basis that NGU failed to comply with the county notice-of-claim statute, A.R.S. § 11-622(A). We accept special action jurisdiction and grant relief.
Factual & Procedural Background
¶ 2 In 2015, the County awarded NGU a public works construction contract. During the project, NGU sought a change order to recoup expenses caused by delays stemming from flooding. The County rejected the request, and NGU completed the project in June 2016.
¶ 3 In December 2016, NGU submitted a notice of claim signed by its counsel demanding more than $550,000 in compensatory damages. The County denied the claim in January 2017, asserting that "the potential for flooding of the site was not only foreseeable but specifically called out in the [c]ontract ... and made NGU's responsibility." In that denial, the County also stated that it "reserve[d] any and all applicable defenses to the claims of NGU." In May 2017, NGU sued the County, asserting claims of breach of contract and unjust enrichment.
¶ 4 The County moved to dismiss the complaint pursuant to Rule 12(b), Ariz. R. Civ. P., asserting the notice of claim did not comply with the requirement in § 11-622(A) that a claim be "executed by the person [bringing the claim] under penalties of perjury." After argument, the respondent judge denied the motion but ordered that NGU "strictly comply with A.R.S. § 11-622(A) by June 29, 2018." NGU served the County with an identical notice including a notarized declaration by NGU's president stating "under penalty of perjury that he has read and verified the contents of this Notice of Claim and the statements made therein." The County then filed this petition for special action.
*573 Jurisdiction
¶ 5 In our discretion, we accept jurisdiction of this special action. Although, "[g]enerally, special action review of a denial of a motion to dismiss is not appropriate," it can be so when, as here, the issues are purely legal and of first impression. Farmers Ins. Exchange v. Udall , 793 Ariz. Adv. Rep. 23, ¶ 6, 424 P.3d 420 (Ct. App. June 12, 2018) ; see Ariz. R. P. Spec. Actions 1 ("[T]he special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal...."). Additionally, the question of statutory interpretation presented here is of statewide importance. See Sierra Tucson, Inc. v. Lee ex rel. County of Pima , 230 Ariz. 255, ¶ 7, 282 P.3d 1275 (App. 2012) (interpreting and correctly applying statute of statewide importance particularly appropriate for special action review). Finally, granting relief would end the litigation and "eliminate[ ] the necessity of any future appeals, and spare[ ] the parties and the judicial system unnecessary time and expense." Cardon v. Cotton Lane Holdings, Inc. , 173 Ariz. 203, 210, 841 P.2d 198 (1992).
Discussion
¶ 6 Section 11-622(A) states:
A person having a claim against a county shall present to the board of supervisors of the county against which the demand is held an itemized claim executed by the person under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount of each item and stating that the claim and each item of the claim is justly due.
Compliance with § 11-622(A) is "a 'mandatory' and 'essential' prerequisite" to NGU's cause of action. See Martineau v. Maricopa County , 207 Ariz. 332, ¶ 10, 86 P.3d 912 (App. 2004) (quoting Pritchard v. State , 163 Ariz. 427, 432, 788 P.2d 1178 (1990) ). The County argues, as it did below, that the signature on the notice of claim by NGU's attorney was insufficient because it was not executed under penalty of perjury. The County further argues the respondent judge erred by allowing NGU to cure the defect by filing a late notice of claim.
¶ 7 NGU counters that its notice of claim was sufficient because it complied with "the purpose, spirit, and intent" of § 11-622(A), reasoning that the County had adequate notice of the claim and that an attorney's ethical duties prohibit the making of false material statements and, in any event, the purported deficiency was merely "technical." NGU further contends the County has waived or is collaterally estopped from asserting the affirmative defense that the notice of claim was defective. It also asserts it should be permitted to file an amended notice under the doctrine of equitable tolling because the County rejected the notice on its merits before litigation began. "We review de novo the dismissal of a complaint under Rule 12(b)(6)." Swenson v. County of Pinal , 243 Ariz. 122, ¶ 5, 402 P.3d 1007 (App. 2017). And we review de novo whether a party has complied with the governing claim statute. See Jones v. Cochise County , 218 Ariz. 372, ¶ 7, 187 P.3d 97 (App. 2008).
Compliance with § 11-622
¶ 8 We first address whether a signature, standing alone, complies with the requirement in § 11-622(A) that the notice of claim be "executed ... under penalties of perjury."[1] We review de novo the interpretation of a statute and, in doing so, we must seek to "effectuate the legislature's intent," the best indicator of which "is the statute's plain language, which we read in context with other statutes relating to the same subject or having the same general purpose, and when that language is unambiguous, we apply it without resorting to secondary statutory interpretation principles." SolarCity Corp. v. Ariz. Dep't of Revenue , 243 Ariz. 477, ¶ 8, 413 P.3d 678 (2018).
¶ 9 The term "executed" means that the document must be signed. See Execute , Black's Law Dictionary (10th ed. 2014) ("To make (a legal document) valid by signing."). For a false statement to constitute perjury, it *574 must be sworn or "subscribe[d] as true under penalty of perjury." A.R.S. § 13-2702. NGU has cited no authority, and we find none, suggesting a person may be convicted of perjury based on a mere signature.
¶ 10 We addressed a similar issue in State v. Salazar , 231 Ariz. 535, 298 P.3d 224 (App. 2013). There, we determined that an attorney's signature alone does not meet the requirement in A.R.S. § 13-3010(B) that a wire interception warrant application be "upon the oath or affirmation of the applicant." Id. ¶¶ 8 -11. We noted that, "while an attorney's submission of a signed document surely carries ethical weight, mere signing of a document does not ordinarily subject the signer to the penalty of perjury." Id. ¶ 10. Thus, Salazar not only supports the conclusion that a signature alone is insufficient under § 11-622(A), it refutes NGU's argument that an attorney's signature is the equivalent of making a statement under penalty of perjury due to the attorney's ethical obligations. And, our decision in Salazar is consistent not only with the perjury statute but with our civil rules: Rule 80(c), Ariz. R. Civ. P., requires an otherwise-unsworn declaration to specifically state it has been made under penalty of perjury to comply with any rule requiring that "a matter to be supported, evidenced, established, or proved by a sworn written declaration, verification, certificate, statement, oath, or affidavit."
¶ 11 Furthermore, even were we to find Salazar inapplicable or meaningfully distinguishable, we would nonetheless be compelled to reject NGU's claim that an attorney's signature by itself complies with the avowal requirement of § 11-622(A). There is a profound difference between the sanctions an attorney might face under the ethical rules for violating ER 3.3(a)(1), Ariz. R. Sup. Ct. 42, or Rule 11(b)(3), Ariz. R. Civ. P., see Ariz. R. Civ. P. 11(c) (sanctions for violating Rule 11 include cost shifting); see also Ariz. R. Sup. Ct. 60 (disciplinary sanctions for violation of ethical rules include disbarment, suspension, and reprimand), and the penalties a person might face for perjury, a class four felony, § 13-2702, see A.R.S. § 13-702(D). In light of the unambiguous statutory language requiring the statement be made under penalty of perjury, an attorney's signature alone-like any other signature-is insufficient.[2]
¶ 12 NGU asserts, however, that the avowal requirement is merely "technical," and it thus complied with the purpose of § 11-622(A) despite its failure to strictly comply with § 11-622(A). Arizona courts have consistently required strict compliance with the state notice-of-claim statute, A.R.S. § 12-821.01. See Deer Valley Unified Sch. Dist. No. 97 v. Houser , 214 Ariz. 293, ¶ 21, 152 P.3d 490 (2007) ; see also Falcon ex rel. Sandoval v. Maricopa County , 213 Ariz. 525, ¶ 10, 144 P.3d 1254 (2006). Although no case has expressly held that a party must strictly comply with § 11-622(A), we see no sound legal or policy reason to apply a different standard than that required for compliance with § 12-821.01. "The purposes of the notice of claim requirements of both § 12-821.01 and § 11-622 are similar; that is, to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." Martineau , 207 Ariz. 332, ¶ 19, 86 P.3d 912.
¶ 13 NGU cites Arizona Telco Federal Credit Union v. Arizona Department of Revenue , 158 Ariz. 535, 764 P.2d 20 (App. 1988), for the proposition that substantial compliance is nonetheless sufficient. There, we rejected the argument that, under § 11-622, the plaintiff had to serve the claim notice upon the county treasurer, rather than the county assessor. Id. at 538, 764 P.2d 20. We observed that the "main purpose of the claims statute is to provide notice" and that "[t]he legislature clearly intended that a county have notice of its legitimate debts within a short time after those debts become due." Id. Thus, we concluded, the plaintiff's "petition to the county assessor gave the county notice of the claim and an opportunity to adjust or discharge the claim." Id. We find *575 this decision inapposite here for several reasons.
¶ 14 First, to the extent the court in Arizona Telco intended to hold that only substantial compliance with § 11-622(A) is required, that conclusion has effectively been superseded by more recent decisions requiring strict compliance with the parallel notice-of-claim statute, § 12-821.01. See Deer Valley Unified Sch. Dist. No. 97 , 214 Ariz. 293, ¶ 21, 152 P.3d 490 ; see also Falcon , 213 Ariz. 525, ¶ 10, 144 P.3d 1254 ; cf. Martineau , 207 Ariz. 332, ¶ 17, 86 P.3d 912 ("[T]he doctrine of substantial compliance with the public entity claim statute ... is no longer viable under [ § 12-821.01 ]."). Moreover, the underlying rationale of Arizona Telco , ensuring notice to the public entity, is not implicated by the issues raised in this case. By expressly including the avowal requirement in § 11-622(A), our legislature has unambiguously demonstrated that it intends fraudulent claims against counties to be punishable as perjury. As we have explained, a signature by counsel does not achieve this purpose whether we require strict or merely substantial compliance with § 11-622(A).
¶ 15 NGU also relies on New Pueblo Constructors, Inc. v. State , 144 Ariz. 95, 696 P.2d 185 (1985), for the proposition that substantial compliance is sufficient absent a showing of prejudice by the County. In New Pueblo Constructors , our supreme court declined to require strict enforcement of a notice-of-change regulation when the Arizona Department of Transportation (ADOT) "had actual notice of the changed conditions and [the plaintiff]'s claims for compensation." Id. at 101, 696 P.2d 185. Thus, the court concluded, ADOT was required to show it had been prejudiced "by the lack of formal notice." Id. First, the court in New Pueblo Constructors did not address a notice-of-claim statute, but instead regulations governing ADOT. Id. at 98, 696 P.2d 185. Its reasoning is therefore of little value in addressing the statutory requirement at issue here.
¶ 16 New Pueblo Constructors is distinguishable in any event. As in Arizona Telco , the purpose of the violated ADOT regulation-adequate notice to the agency-was entirely met despite the lack of formal notice. The avowal requirement at issue here, in contrast, is not met by an attorney's signature because it does not expose the attorney (or the person represented) to the penalty of perjury. Thus, even if substantial compliance were sufficient, NGU has not substantially complied with § 11-622(A). And, in any event, even if NGU had substantially complied with § 11-622(A), Arizona courts have repeatedly stated a party must strictly comply with statutory notice of claim requirements. See Deer Valley Unified Sch. Dist. No. 97 , 214 Ariz. 293, ¶ 21, 152 P.3d 490 ; see also Falcon , 213 Ariz. 525, ¶ 10, 144 P.3d 1254.
Waiver and Estoppel
¶ 17 NGU additionally asserts the County has waived or is equitably estopped from asserting a defense based on NGU's failure to comply with § 11-622(A). Alternatively, it asserts its compliance should be equitably tolled and, thus, the second notice of claim filed pursuant to the respondent judge's ruling is sufficient. Both arguments center on the County's decision to respond to the merits of its initial notice of claim without raising the avowal defect.
¶ 18 "The notice of claim statute is 'subject to waiver, [including waiver by conduct,] estoppel and equitable tolling.' " Jones , 218 Ariz. 372, ¶ 22, 187 P.3d 97 (quoting Pritchard , 163 Ariz. at 432, 788 P.2d 1178 ). However, we note that courts are not inclined to find estoppel based on government conduct. See Valencia Energy Co. v. Ariz. Dep't of Revenue , 191 Ariz. 565, ¶¶ 32-34, 959 P.2d 1256 (1998) (recognizing equitable estoppel rarely applied against government except in cases where "the erroneous advice of the government ... cause[s] detriment").
¶ 19 Although Jones was limited to waiver based on conduct occurring after the complaint had been filed, see 218 Ariz. 372, ¶¶ 22, 24, 187 P.3d 97, we assume, without deciding, that it is possible for a county to waive noncompliance with § 11-622(A) based on its prelitigation conduct, see Young v. City of Scottsdale , 193 Ariz. 110, ¶¶ 3, 15, 970 P.2d 942 (App. 1998) (city waived defective service by referring the claim to an independent *576 claims adjuster who denied the claim as untimely), disapproved on other grounds by Deer Valley Unified Sch. Dist. No. 91, 214 Ariz. 293, ¶¶ 12, 20-21, 152 P.3d 490. But, in doing so, we recognize that determining the government has waived statutory notice of claim requirements risks improperly shifting the burden to evaluate and ensure compliance with such requirements from the claimant to the government. See Drew v. Prescott Unified Sch. Dist. , 233 Ariz. 522, ¶ 16, 314 P.3d 1277 (App. 2013) ( Section 12-821.01"clearly places the burden on the claimant to make a statutorily compliant settlement offer."). As we have noted, "[p]ublic entities in Arizona are not duty-bound to assist claimants with statutory compliance." Yahweh v. City of Phoenix , 243 Ariz. 21, ¶ 12, 400 P.3d 445 (App. 2017).
¶ 20 Primarily for that reason, we decline to find waiver here. The County did nothing more than act consistently with the purpose of the notice of claim requirement-that is, to evaluate the claim and plan for liability and permit the possibility of settlement.[3] See Martineau , 207 Ariz. 332, ¶ 19, 86 P.3d 912. Were we to require the County to forgo investigating and responding to any claim that may not comply with statutory requirements, we would place the burden of ensuring statutory compliance firmly on the government and absolve the claimant of its burden "to make a statutorily compliant settlement offer." Drew , 233 Ariz. 522, ¶ 16, 314 P.3d 1277. This could effectively eliminate noncompliance with § 11-622(A) as a valid defense. In sum, there is nothing inconsistent about an entity responding to the merits of a claim before litigation and, after the claimant takes the additional step of filing a lawsuit, asserting the affirmative defense that the claim does not comply with statutory requirements. See Jones , 218 Ariz. 372, ¶ 23, 187 P.3d 97 ("Waiver by conduct must be established by evidence of acts inconsistent with an intent to assert the right." (quoting Am. Cont'l Life Ins. Co. v. Ranier Constr. Co. , 125 Ariz. 53, 55, 607 P.2d 372 (1980) ) ).
¶ 21 We additionally reject NGU's claims grounded in estoppel. Claims of equitable estoppel or equitable tolling rest on a party's reasonable reliance on the estopped party's conduct. See Nolde v. Frankie , 192 Ariz. 276, ¶ 18, 964 P.2d 477 (1998) (for equitable tolling to apply, party must have reasonably foregone action due to other party's conduct); see also John C. Lincoln Hosp. & Health Corp. v. Maricopa County , 208 Ariz. 532, ¶ 12, 96 P.3d 530 (App. 2004) (party claiming equitable estoppel must show reasonable reliance). It is manifestly unreasonable for NGU to have abandoned its duty to comply with the notice-of-claim statute based on the County's conduct in rejecting its claim on the merits, particularly when the County has expressly reserved any additional defenses. And we agree with the County that NGU's later, compliant notice of claim is untimely and thus does not cure the defect in its earlier notice of claim. See Turner v. City of Flagstaff , 226 Ariz. 341, ¶ 15, 247 P.3d 1011 (App. 2011) (amended notice of claim valid only if timely), abrogated on other grounds as recognized by Fields v. Oates , 230 Ariz. 411, ¶ 16, 286 P.3d 160 (App. 2012).
Disposition
¶ 22 We accept special action jurisdiction and grant relief. We vacate the respondent judge's order denying the County's motion to dismiss and instead direct the respondent to grant that motion.

The parties do not specifically address whether the required avowal may only be made by the person bringing the claim instead of through counsel. We therefore do not address that question.

NGU contends in passing that the operative language in § 11-622(A)"suggest[s] that anyone executing and submitting a notice of claim under A.R.S. § 11-622 will be subject to the penalty of perjury." We find no support for that interpretation in the statutory text.

For this reason, Young is distinguishable. There, the claims adjuster rejected the claim as untimely without addressing the merits and, accordingly, the court concluded the state had waived the additional defect that the notice had not been served on the required individuals. Young , 193 Ariz. 110, ¶¶ 3, 15, 970 P.2d 942.