SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| DEER VALLEY UNIFIED SCHOOL DISTRICT NO. 97, a political subdivision of the State of Arizona, | ) Arizona Supreme Court<br>) No. CV-06-0275-PR<br>)<br>) Court of Appeals<br>) Division One |
| Petitioner, | ) No. 1 CA-SA 06-0143<br>) |
| v. | ) Maricopa County<br>) Superior Court |
| HON. ROBERT C. HOUSER, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Maricopa, | ) No. CV 2006-050755<br>)<br>)<br>) |
| Respondent Judge, | ) **O P I N I O N**<br>) |
| PAMELA McDONALD, | )<br>) |
| Real Party in Interest. | )<br>) |

Order of the Superior Court in Maricopa County
The Honorable Robert C. Houser, Judge

**REVERSED; REMANDED**
_____

LEWIS AND ROCA LLP                                      Phoenix
     By   Mary Ellen Simonson
          Justin S. Pierce
Attorneys for Deer Valley Unified School District #97

LAW OFFICES OF MARSHALL A. MARTIN                       Scottsdale
     By   Marshall A. Martin
Attorney for Pamela McDonald

CITY OF PHOENIX                                         Phoenix
     By   Gary Verburg, City Attorney
          Stephen J. Craig
Attorneys for Amicus Curiae City of Phoenix

MOYES STOREY LTD                                        Phoenix

By    William J. Sims, III
      C. Brad Woodford
Attorneys for Amicus Curiae Arizona Municipal Risk
Retention Pool

LEAGUE OF ARIZONA CITIES AND TOWNS                      Tempe
      By    David R. Merkel
Attorney for Amicus Curiae League of Arizona Cities
and Towns

MANGUM WALL STOOPS & WARDEN PLLC                      Flagstaff
      By    A. Dean Pickett
Attorneys for Amicus Curiae Arizona School Risk
Retention Trust

DECONCINI MCDONALD YETWIN & LACY PC                      Tucson
      By    John C. Richardson
Attorneys for Amici Curiae Pima County Community College
District, Graham County Community College District aka
Eastern Arizona College, Yuma-La Paz Counties Community
College District aka Arizona Western College

ARIZONA SCHOOL BOARDS ASSOCIATION                      Phoenix
      By    Christopher P. Thomas
Attorney for Amicus Curiae Arizona School Boards
Association
_____

**M c G R E G O R**, Chief Justice

¶1      Before initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with Arizona Revised Statutes (A.R.S.) section 12-821.01 (2003).  Added in 1994, section 12-821.01.A requires, in part, that a notice of claim include "a specific amount for which the claim can be settled and the facts supporting that amount."  The question presented is whether the claim letter submitted by respondent Pamela McDonald conforms with section 12-821.01.A.  We hold that it does not.

2

¶2      On September 6, 2005, petitioner Deer Valley Unified School District No. 97 (the District) received a "claim letter" sent pursuant to A.R.S. § 12-821.01 from McDonald.  In the letter, McDonald asserted that the District wrongfully terminated her as an assistant high school principal in violation of the Arizona Employment Protection Act, specifically A.R.S. § 23-1501 (Supp. 2006).  McDonald alleged that the District retaliated against her efforts to resolve several illegalities and deficiencies involving counselors at the high school by giving her the choice of either taking a position as a teacher at a substantially lower salary or being fired.

¶3      McDonald's letter stated that she "lost her previous salary of $68,000.00 per year and an additional $7,000.00 per year for summer school" and that she had "anticipated a $6,000.00 raise for [the upcoming] school year and similar appropriate pay increases thereafter.  As a teacher in the District, she will earn $36,800.00 this year."  The letter subsequently identified several claim amounts in the following manner:

> 1.  All economic damages arising as a result of her removal from the position in an amount anticipated to be approximately $35,000.00 per year or more going forward over the next 18 years;

2. Compensatory damages for emotional distress suffered as a result of the wrongful termination in an amount no less than $300,000.00;

3. General damages, compensating Ms. McDonald for damage to her reputation of employment in an amount of no less than $200,000.00.

The letter provided no additional information to support these amounts and concluded by stating that "Ms. McDonald hereby makes demand on the District for payment of these said amounts."

¶4    McDonald never received a response from the District and, on March 2, 2006, she filed a complaint in the Maricopa County Superior Court alleging wrongful termination. The District moved to dismiss the claim for failure to comply with A.R.S. § 12-821.01. After the superior court denied the District's motion, the District filed a petition for special action in the court of appeals, which declined to accept jurisdiction.

¶5    The District then petitioned this Court for review, which we granted because the issue presented involves a matter of public significance that occurs often and has important legal and practical consequences for political subdivisions of the state. Furthermore, the decisions rendered on this issue by the court of appeals are not consistent.[1] We have jurisdiction under

---

[1]    *Compare Barth v. Cochise County*, 213 Ariz. 59, 63-64 ¶ 17, 138 P.3d 1186, 1190-91 (App. 2006) (concluding that notice of claim did not satisfy A.R.S. § 12-821.01 because the claim was not filed after the action accrued and did not provide a "sum

4

Article 6, Section 5, Clause 3 of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶6     In addition to describing the proper method and time frame for filing claims, the notice of claim statute directs that all claims "shall contain facts sufficient to permit the public entity . . . to understand the basis upon which liability is claimed" and "shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01.A.   The statutory requirements serve several important functions: They "allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting."  *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 9, 144 P.3d 1254, 1256 (2006) (quoting *Martineau v. Maricopa County*, 207 Ariz. 332, 335-36 ¶ 19, 86 P.3d 912, 915-16 (App. 2004)). Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred.   A.R.S. § 12-821.01.A ("Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained

certain"), *with Young v. City of Scottsdale*, 193 Ariz. 110, 114 ¶ 13, 970 P.2d 942, 946 (App. 1998) (holding that a claim that "did not state a 'specific amount'" was nevertheless adequate).

5

thereon."); *Falcon*, 213 Ariz. at 527 ¶ 10, 144 P.3d at 1256 ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A).").

¶7      The District argues that McDonald's claim letter lacks both the "specific amount for which the claim can be settled and the facts supporting that amount."  A.R.S. § 12-821.01.A.  The District asserts that, by using phrases such as "approximately," "or more going forward," "similar appropriate pay increases," and "no less than," McDonald's letter fails to identify any "specific amount," let alone an amount "for which the claim can be settled."  The District concludes that McDonald's use of qualifying language makes it impossible to calculate the amount that will settle the claim and thus fails to comply with the plain language of A.R.S. § 12-821.01.A.  The District also argues that, even if the various amounts in her claim letter could be regarded as defining a specific amount, McDonald's letter does not include "the facts supporting" the amount claimed. *Id.*

¶8      When analyzing statutes, we apply "fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction."

6

*Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). "Each word, phrase, clause, and sentence [of a statute] must be given meaning so that no part will be void, inert, redundant, or trivial." *Williams v. Thude*, 188 Ariz. 257, 259, 934 P.2d 1349, 1351 (1997) (alteration in original) (emphasis omitted) (quoting *City of Phoenix v. Yates*, 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949)).

¶9 The notice of claim statute is clear and unequivocal: The statute instructs that a claim "*shall* also contain a *specific amount* for which the claim *can be settled* and the facts supporting that amount." A.R.S. § 12-821.01.A (emphasis added). This language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim. The attendant statutory obligation that claimants present "facts supporting that amount" requires that claimants explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claimed. This latter requirement ensures that claimants will not demand unfounded amounts that constitute "quick unrealistic exaggerated demands." *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App. 1990). In tandem, these two statutory mandates ensure that government entities will be able to realistically consider a claim. Compliance with

7

this statute is not difficult; the statute does not require that claimants reveal the amount that they will demand at trial if litigation ensues but simply requires that claimants identify the specific amount for which they will settle and provide facts supporting that amount.

¶10     We agree with the District that McDonald's claim letter does not include a specific amount for which her claim can be settled.  McDonald's repeated use of qualifying language makes it impossible to ascertain the precise amount for which the District could have settled her claim.  McDonald defines her economic damages as being "*approximately* $35,000.00 per year *or more* going forward over the next 18 years."  McDonald also refers to a raise of $6,000 and notes that she anticipated "similar appropriate pay increases" over the next eighteen years. Her letter then states that her damages for emotional distress and harm to her reputation are "no less than" $300,000 and $200,000, respectively.  These statements simply do not define a specific amount that McDonald would have accepted to resolve her dispute with the District.

¶11     It is unclear whether McDonald would have resolved her claim for economic damages for payment of $630,000, the total reached by multiplying $35,000 by eighteen years, whether she would have demanded the "more" she states applies to her claim, or whether she would have accepted an amount reduced to present

8

value. It is likewise impossible to discern whether she would have settled her emotional distress and reputation claims for $500,000 or some number less than that amount or whether her statement that her damages are "no less than" that amount indicates that the District would need to pay more to avoid litigation. Contrary to McDonald's assertion, it is not at all clear from her letter that the claim can be settled for $1,130,000, as the sum of all of the alleged damages referenced in McDonald's letter appears to be $2,321,600, a sum that includes the total difference between her salary as an assistant principal coupled with anticipated pay raises compounded over the course of eighteen years, and the salary McDonald will earn as a teacher in the District during the same period.[2] In light of this substantial variation in potential value and the absence of any clear aggregate claim amount in her letter, the amounts identified in McDonald's letter cannot be considered "specific." By failing to state a specific amount that she would accept to settle her claims, McDonald failed to comply with that statutory requirement.[3]

---

[2] This latter sum also reflects the inference that an annual raise of $6,000 would constitute an "appropriate pay increase[]" because $6,000 was identified in McDonald's letter as the anticipated raise amount for the upcoming school year.

[3] Because McDonald's letter does not include a specific sum, we need not reach the District's argument that McDonald's letter also fails to provide facts supporting the amount claimed. We

¶12   McDonald contends that, notwithstanding the plain language of A.R.S. § 12-821.01.A, a "reasonableness standard" governs the "specific amount" requirement and urges us to adopt the interpretation given to the statutory language in *Young v. City of Scottsdale*, 193 Ariz. 110, 970 P.2d 942 (App. 1998). Under this approach, McDonald argues, a claimant need not present a specific amount for which a claim can be settled as long as the claim letter satisfies the purposes underlying the notice of claim statute.   Therefore, McDonald submits, a claimant need provide a government entity only with notice of a claim and its estimated value.   For the following reasons, we reject this argument and expressly disapprove of the analysis in *Young*.

¶13   In *State v. Brooks*, the court of appeals considered the predecessor to the current claim statute, which provided only that "[p]ersons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment." 23 Ariz. App. 463, 466, 534 P.2d 271, 274 (1975) (quoting A.R.S.

---

note, however, that the claim letter does not provide *any* facts supporting the claimed amounts for emotional distress and for damages to McDonald's reputation.

§ 12-821 (1956)). Because A.R.S. § 12-821 did not, "by its terms, define what constitutes a claim," it was "necessary for [the court of appeals] to determine what constitutes a claim within the meaning of A.R.S. § 12-821." *Id.*

¶14    The court noted that "of prime importance to the State in making a determination of whether to allow or disallow a claim is knowledge of the amount which is claimed to be due the injured party." *Id.* at 467, 534 P.2d at 275. The court explained:

> Numerous settlements of litigation are based not upon the question of liability alone, but upon the amount for which the suit can be settled. Thus, suits of questionable liability are settled because of the potential damages that may be assessed. Conversely, suits of no liability may be settled because the cost of defense may exceed the settlement.

*Id.* Consequently, the *Brooks* court concluded that "tort claims against the sovereign" should "contain an amount prayed for." *Id.*

¶15    In *Dassinger v. Oden*, the court of appeals reaffirmed its holding that a claim requires a specific amount and noted that "[w]ithout this information, a claim letter is not a 'claim' within the meaning of the statute." 124 Ariz. 551, 552, 606 P.2d 41, 42 (App. 1979). The *Dassinger* court considered a claim letter that "itemized $1,300 for medical expenses, $1,800 for future medical expenses and $200 for mileage. However, the letter also [claimed] that plaintiff had suffered loss of wages

11

in an unspecified amount and that he had also suffered substantial pain, mental anguish, and inconvenience which resulted in an unspecified amount of damages." *Id.* at 552-53, 606 P.2d at 42-43. The court concluded that "[t]here is no sum certain contained in the letter which plaintiffs would have been satisfied to settle for." *Id.* at 553, 606 P.2d at 43.[4]

¶16 More than a decade later, the court of appeals abandoned its requirement that a valid notice of claim include a settlement demand for a sum certain. In *Hollingsworth*, 164 Ariz. at 463-64, 793 P.2d at 1130-31, the court considered whether a claim letter that provided an "educated estimate" that damages would be "not less than $125,000" satisfied the sum certain requirement.[5] The *Hollingsworth* court noted that *Brooks* and *Dassinger* had relied in part on the Federal Tort Claims Act (FTCA), and specifically 28 U.S.C. § 2675(a). *Hollingsworth*, 164 Ariz. at 465, 793 P.2d at 1132. Accordingly, the *Hollingsworth* court turned to the "history of the [FTCA] and

---

[4] In a special concurrence in *Dassinger*, Judge Rosenblatt called for legislative action to define the requirements of valid claim letters. 124 Ariz. at 554, 606 P.2d at 44. In 1984, the Legislature amended A.R.S. § 12-821 and provided more detail as to the mechanics for filing claim letters. *See* 1984 Ariz. Sess. Laws 1091, 1093-94, ch. 285, § 5. The amendment did not, however, provide any statutory guidance regarding the sum certain requirement.

[5] The *Hollingsworth* court construed A.R.S. § 12-821 as amended in 1984. *See supra* note 4.

12

decisions interpreting it" to assess whether the claim letter in question satisfied section 12-821. *Id.*

¶17    Noting that "[s]ome federal circuits construe the 'sum certain' requirement as placing a reasonable total value on the claim," the court adopted a "reasonableness standard for determining whether a claimant has stated a sum certain in a claim letter filed pursuant to A.R.S. § 12-821." *Id.* at 465-66, 793 P.2d at 1132-33. The court of appeals explained that "the critical factor in determining whether a claim satisfied this standard is whether the claimant places a total value on the claim," and therefore a claim should not fail merely because it includes modifying language such as "in excess of," "presently," or "approximately." *Id.* at 466, 793 P.2d at 1133 (citations omitted). The *Hollingsworth* court further justified its conclusion that an initial claim amount need not be specific by construing the notice of claim statute as performing primarily a notice function. *See id.* The court concluded by interpreting literally the *Brooks* language stating that a notice of claim need provide only an "*opportunity* to arrive at a settlement." *Id.* (emphasis omitted). With this understanding, the court held that the claim letter in question adequately provided the defendant city with "sufficient information to investigate the merits of the claim, assess its potential liability, and arrive

13

at an amount to settle the controversy so as to avoid litigation between it and one of its citizens." *Id.*

¶18    In a strong dissent, Judge Brooks asserted that the majority erroneously confused "'exactness' of damages with 'certainty' of the amount for which a claimant is willing to settle." *Id.* at 467, 793 P.2d at 1134. Judge Brooks understood the meaning of "claim" in A.R.S. § 12-821 to require that the claim letter "include an amount for which the claimant will settle." *Id.* Because "an educated estimate, of not less than $125,000.00" cannot be understood to be an offer to settle for $125,000, Judge Brooks concluded that the letter in question should have been deemed inadequate. *Id.*

¶19    Four years after *Hollingsworth* was decided, the Legislature amended A.R.S. § 12-821[6] and added A.R.S. § 12-821.01, which statutorily defined for the first time the information needed to comprise a claim. *See* 1994 Ariz. Sess.

---

[6]    As amended in 1994, A.R.S. § 12-821 provides: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." 1994 Ariz. Sess. Laws 436, 436-37, ch. 162, § 1 (codified at A.R.S. § 12-821). This language reflected a minor change to section 12-821, as amended in 1993. The 1993 amendment of A.R.S. § 12-821 repealed the language construed in *Hollingsworth* as part of a broader scheme of tort reform, and provided: "All personal injury actions against any public entity or public employee involving acts that are alleged to have occurred within the scope of the public employee's employment shall be brought within one year after the cause of action accrues and not afterward." 1993 Ariz. Sess. Laws 250, 254, ch. 90, § 8 (amended 1994).

Laws 436, 436-37, ch. 162, §§ 1-2 (codified at A.R.S. §§ 12-821 to -821.01). The addition of A.R.S. § 12-821.01 constitutes the most detailed effort by the Legislature to define the information necessary to provide a valid notice of claim and includes the statutory language at issue, which requires that "[t]he claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." 1994 Ariz. Sess. Laws at 437, ch. 162, § 2.

¶20      The court of appeals addressed the effect of these amendments in *Young*, which considered a notice of claim that provided that damages would "not exceed $100,000.00." 193 Ariz. at 111 ¶ 3, 970 P.2d at 943. Rejecting the argument that the 1994 statutory changes required a claimant to define a "specific amount" for which a claim could be settled, the court inexplicably concluded that "it seems likely that section 12-821.01 was intended to codify *Hollingsworth*." *Id.* at 114 ¶ 12, 970 P.2d at 946. The court held that the claim letter satisfied the notice of claim statute despite the fact that it "did not state a 'specific amount.'" *Id.* at ¶ 13. Because the claim letter provided a "reasonable estimate of the value of the claim," the court was content that the letter satisfied the pre-1994 amendment "*Hollingsworth* reasonableness standard." *Id.*

¶21      We reject and disapprove *Young*'s conclusion that the statute includes a reasonableness standard. First, as we

15

discussed above, "fundamental principles of statutory construction" do not allow us to ignore the "clear and unequivocal" language of the statute, *see Janson*, 167 Ariz. at 471, 808 P.2d at 1223, which in this case requires that a "specific amount" be set forth. Contrary to *Young*, we are convinced that the Legislature intended the 1994 changes to establish specific requirements that must be met for a claimant to file a valid claim with a government entity.

¶22 Proposed initially as Senate Bill (S.B.) 1284, 41st Leg., 2d Reg. Sess. (Ariz. 1994), the 1994 amendment was intended to "detail[] information that the claim must contain." *Limitation of Actions: Minutes from Hearing on S.B. 1284 Before the H. Comm. on Judiciary*, 41st Leg., 2d Reg. Sess. at 6 (Ariz. 1994). The provisions of S.B. 1284 were intended to:

> Specif[y] the following information which is required to be contained in the claim:
>
> 1. Facts sufficient enough to permit the public entity or employee to understand the basis of the action.
>
> 2. The specific amount for which claim can be settled and facts supporting that amount.

*Senate Fact Sheet for S.B. 1284*, 41st Leg., 2d Reg. Sess. (Ariz. 1994). We find nothing to suggest that the Legislature intended anything other than to clearly define the information needed in future claims. These statutory requirements are more specific than, and thus inconsistent with, the *Hollingsworth*

16

reasonableness standard. To the extent that *Young* perpetuates the *Hollingsworth* reasonableness standard, it is irreconcilable with A.R.S. § 12-821.01.A. *Cf. Falcon*, 213 Ariz. at 527 ¶ 10, 144 P.3d at 1256 ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)."). Accordingly, contrary to the conclusion reached by the court of appeals in *Young*, we conclude that the 1994 amendment repeals, rather than codifies, the *Hollingsworth* standard.

## IV.

¶23 The only remaining question involves the relief to which the District is entitled. The Legislature has provided that "[a]ny claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. § 12-821.01.A. In her complaint, McDonald alleges that her wrongful termination occurred at a meeting held on March 10, 2005. As is apparent, McDonald can no longer file a notice of claim within the statute's one hundred eighty day time frame. Because McDonald did not file a valid notice of claim within the statutory time limit, her claim is barred by statute. *See Falcon*, 213 Ariz. at 527 ¶ 10, 144 P.3d at 1256.

17

**V.**

¶24     For these reasons, we reverse the superior court's order denying the District's motion to dismiss and remand to the superior court with instructions to dismiss.


_____
Ruth V. McGregor, Chief Justice

CONCURRING:


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice