NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MEGAN CAUGHLIN, a single woman, individually and on behalf of statutory beneficiaries ALLICIA CAUGHLIN, VINCENT LAPOINTE and JANICE LAPOINTE, the natural children and parents of STEPHANIE JEAN CRISTIANI, Deceased, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, a governmental entity, *Defendant/Appellee*.

No. 1 CA-CV 14-0757
FILED 12-24-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2014-006634
The Honorable Patricia A. Starr, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Law Office of Scott E. Boehm, P.C., Phoenix
By Scott E. Boehm
*Co-Counsel for Plaintiff/Appellant*

Breyer Law Offices, P.C., Phoenix
By Mark P. Breyer and Brian C. Fawber
*Co-Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Fred M. Zeder and Brock J. Heathcotte
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

---

**K E S S L E R**, Judge:

**¶1**		Megan Caughlin appeals the trial court's dismissal of her wrongful death action for failure to comply with the notice of claim statute. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 12-612(A) (Supp. 2015), -821.01(A) (Supp. 2015).[1]  For the following reasons, we reverse the trial court's order dismissing her complaint and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**		In May 2013, Stephanie Cristiani was driving on Interstate 17 when her front tire failed, causing her to collide with an adjacent light pole. Cristiani died at the scene of the accident from multiple blunt force head traumas.

**¶3**		Caughlin, Cristiani's daughter, served four copies of the notice of claim on the State within 180 days of the accident pursuant to A.R.S. § 12-821.01(A).[2]  The notice of claim described the accident in detail and the basis of the State's alleged liability. The notice of claim also identified all four of the wrongful death beneficiaries as "claimants,"[3] and specified that "a sum certain demand [was] being made against the State of Arizona for $4,000,000."

**¶4**		The State filed a motion to dismiss, arguing that Caughlin failed to comply with the notice of claim statute by bundling the claims into one conditional offer to settle.  Although both Caughlin and the State were

---

[1] We cite the current version of applicable statutes because no revisions material to this decision have since occurred.

[2]  Caughlin also served copies of the notice of claim on Maricopa County and the City of Phoenix, but later dismissed those entities from this action when it was determined that the State was responsible for the light pole.

[3] The four statutory beneficiaries include Cristiani's parents, Janice and Vincent LaPointe, and her two children, Megan and Allicia Caughlin.

clear below that the sum certain was for $4,000,000 total, because Caughlin asserted an alternative argument that the court could find that the statutory beneficiaries served the State separately for $4,000,000 each, the court granted the motion to dismiss finding the sum certain was ambiguous. As to the bundling argument, the court stated that plaintiffs' argument that naming four statutory beneficiaries with only one monetary demand was proper "conflates the requirements for a wrongful death lawsuit and a proper notice of claim."

¶5        Caughlin timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2015).

## DISCUSSION

¶6        "Before initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with [A.R.S. § 12-821.01]." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294, ¶ 1 (2007). "The claim shall contain facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). These statutory requirements "allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting." *Deer Valley*, 214 Ariz. at 295, ¶ 6 (citations omitted). Claims that fail to comply with A.R.S. § 12-821.01(A) are statutorily barred. *Id.* To comply with the statute, the specific settlement amount has to be a sum certain which, if accepted by the State, will settle the matter. *Id.* at 296, ¶ 9.

¶7        When a motion to dismiss attaches a notice of claim, the motion should be considered as one for summary judgment unless it is clear the court did not consider the notice or the notice was attached to the complaint. *Vasquez v. State*, 220 Ariz. 304, 308, ¶ 8 (App. 2008). We review summary judgments de novo. *Havasupai Tribe v. Arizona Bd. of Regents*, 220 Ariz. 214, 223, ¶ 27 (App. 2008).

I.    The notice of claim's sum certain demand was clear and unambiguous.

¶8         Caughlin contends that the notice of claim is unambiguous and provides that the wrongful death action could be settled by the State for a sum certain amount of $4,000,000.[4]  We agree.

¶9         The notice of claim lists all four statutory beneficiaries on the first page and then states that "a sum certain demand is being made against the State of Arizona for $4,000,000."  To drive that clarity home, the notice of claim also references the statutory requirement, and notes that the requirement is satisfied: "The Notice of Claim statute requires sum certain, so such is being demanded."  It also reinforced the nature of the sum certain as being for all four claimants by noting that "[b]y the time of trial, the plaintiffs will have access to information currently in the possession of these or other defendants . . . ."  The notice also discussed all four claimants' relationship with Stephanie Cristiani and how close they were to her and their suffering from her death.  Thus, as argued by Caughlin in the trial court, there was only one claim for $4,000,000 representing the claim by all the wrongful death statutory beneficiaries.

¶10        There is nothing ambiguous about the sum certain demanded.  On appeal, the State contends that the service of four copies of the notice of claim on the State somehow transformed the notice into four separate claims or at least could confuse the State into believing that.  However, the State conceded in the trial court that it understood the offer was a single offer for the entire claim for $4,000,000.  Accordingly, it cannot successfully argue on appeal that it was confused by the multiple service of the notice on various agencies of the State.

¶11        Moreover, while the arguments in the trial court could have confused the court that it was possible there was an ambiguity in the settlement amount, we look to the face of the notice of claim.  That notice is clear that all four claimants in the wrongful death action were offering to settle the single claim against the State for $4,000,000.  Accordingly, the trial court erred in finding the notice of claim to be unclear and ambiguous.

---

[4] We reject the State's contention that Caughlin failed to address the alleged ambiguity of the sum certain.  Caughlin's argument expressly contends that the notice of claim complied with A.R.S. § 12-821.01 by including a sum certain demand for an *unequivocal* $4,000,000.

II.     The State has abandoned its apportionment argument.

**¶12**          Caughlin also addressed the apportionment argument in her opening brief.  The State did not address that argument in its answering brief.  "Failure to respond in an answering brief to a debatable issue constitutes confession of error." *Chalpin v. Snyder*, 220 Ariz. 413, 423 n.7, ¶ 40 (App. 2008).  Moreover, when asked by this Court at oral argument whether it had waived the apportionment/bundling argument, the State conceded that bundling was not before this Court, it had waived the issue on appeal, and in its view a bundled claim is not prohibited by the statute.  Accordingly, the State has affirmatively waived and abandoned any further contentions in this case that the notice of claim was insufficient related to bundling.  We render no opinion on the propriety of a bundled claim.

## CONCLUSION

**¶13**          For the foregoing reasons, we reverse the trial court's order granting the State's motion to dismiss.  The complaint was not barred by the notice of claim statute.  We remand for further proceedings consistent with this decision.  We also award Caughlin her taxable costs on appeal upon timely compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama