NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHAWN D. O'HARRA, *Plaintiff/Appellant,*

*v.*

JOSEPH JONES, JR., et al., *Defendants/Appellees.*

No. 1 CA-CV 18-0026
FILED 1-22-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-004765
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Shawn D. O'Harra, Phoenix
*Plaintiff/Appellant*

Phoenix City Attorney's Office, Phoenix
By Robert A. Hyde
*Counsel for Defendant/Appellee Joseph Jones, Jr.*

Arizona Attorney General's Office, Phoenix
By Khanrat Piensook, Deborah L. Garner
*Counsel for Defendant/Appellee B. Armbruster*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

**¶1**        Shawn D. O'Harra ("O'Harra") appeals from the judgment dismissing his complaint for failure to file a notice of claim under Arizona Revised Statutes ("A.R.S.") section 12-821.01(A)[1].   For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In March 2017, O'Harra filed a complaint alleging police brutality against Phoenix Police Department Detective Joseph Jones, Jr. ("Jones") and Adult Probation Officer B. Armbruster ("Armbruster") stemming from an incident that occurred in December 2016.  Jones and Armbruster moved to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) for failure to serve a notice of claim in violation of A.R.S. § 12-821.01.  In response, O'Harra alleged that he filed a notice of claim on June 16, 2017, in federal court.

**¶3**        The superior court granted Jones' and Armbruster's motion to dismiss with prejudice; O'Harra appealed.   We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4**        We review *de novo* the dismissal of a complaint under Rule 12(b)(6) and whether a notice of claim complies with statutory requirements.  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶7 (2012); *Jones v. Cochise Cty.*, 218 Ariz. 372, 375, ¶ 7 (App. 2008) (citations omitted). Dismissal is appropriate under Rule 12(b)(6) only if, "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (citation omitted).

---

[1]        The court's ruling, signed November 28, 2017, mistakenly references A.R.S. § 12-2603(F).

**¶5** Filing of a notice of claim that satisfies § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public employee. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294, ¶ 1 (2007); *see also Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶ 23 (App. 2010).

**¶6** On appeal, O'Harra argues that he sent a notice of claim to the two defendants on December 22, 2016. In violation of Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(d), O'Harra has not provided a record cite for his contention. Our independent review of the record reveals that O'Harra failed to argue to the superior court that he properly submitted a notice of claim in December 2016. As such, O'Harra's contention is waived. *See, e.g.*, *Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 541 n.1, ¶ 17 (App. 2004) ("Legal issues and arguments must be presented to the trial court and generally cannot be raised for the first time on appeal.") (citation omitted); *see also Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52 (App. 2007) (the appellate court will not consider a question not raised in the superior court) (citation omitted).

**¶7** Even if not waived, O'Harra's allegation that he sent a notice of claim in December 2016 is not supported by the record. O'Harra's complaint fails to allege that he filed a notice of claim, and no notice is in the record during that timeframe. After the defense removed the case to federal district court, O'Harra filed a document titled "Notice of Claim and Removal" in that court on June 16, 2017, almost two months after he filed the complaint. In his response to the motion to dismiss, O'Harra stated "as far as [filing] the claim(s) with the person or person(s) authorized to accept service for a public employee, I thought that is what I did June 13th [*sic*] 2017."

**¶8** No evidence in the record shows that O'Harra filed the requisite notice of claim under § 12-821.01 before he filed his complaint. *See Deer Valley*, 214 Ariz. at 294, ¶ 1. Therefore, O'Harra's complaint failed to state a claim upon which relief can be granted, and the superior court properly dismissed it with prejudice.[2]

---

[2] Armbruster also contends that the June 16, 2017 notice of claim failed to satisfy the statutory requirements of A.R.S. § 12-821.01. O'Harra contends that he did not know the severity of his damages until June 8, 2017 or July 12, 2017. We do not need to examine the sufficiency of the June 16,

**CONCLUSION**

**¶9**     For the foregoing reasons, we affirm the superior court's dismissal of O'Harra's complaint.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

2017 notice of claim because O'Harra failed to serve it before he filed the complaint. *Deer Valley*, 214 Ariz. at 294, ¶ 1.