IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**CITY OF MESA; GUSTAVO WILLIAMS,**
*Petitioners,*

*v.*

**THE HONORABLE TIMOTHY RYAN, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**PHILIP ROGERS,**
*Real Party in Interest.*

No. CV-23-0284-PR
**Filed October 17, 2024**

Petition for Special Action from the Superior Court in Maricopa County
The Honorable Timothy J. Ryan, Judge
No. CV2022-014378

**REVERSED AND REMANDED WITH INSTRUCTIONS**

Opinion of the Court of Appeals,
Division One
256 Ariz. 350 (App. 2023)

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL:

David L. Abney (argued), Ahwatukee Legal Office, P.C., Phoenix; Mark P. Breyer, Richard Reed, Breyer Law Offices, P.C., Phoenix, Attorneys for Philip Rogers

Duncan J. Stoutner (argued), Alexander J. Lindvall, City of Mesa Attorney's Office, Mesa, Attorneys for City of Mesa and Gustavo Williams

Joshua D. Bendor, Alexander W. Samuels, Daniel P. Schaack, Luci D. Davis (argued), Office of the Attorney General, Phoenix, Attorneys for Amicus Curiae the State of Arizona

Patricia E. Ronan, Mick Levin, PLC, Phoenix, Attorneys for Amicus Curiae Arizona Association for Justice

Nancy L. Davidson, League of Arizona Cities and Towns, Phoenix; Nicholas D. Acedo, Struck Love Bojanowski & Acedo, PLC, Chandler, Attorneys for Amici Curiae League of Arizona Cities and Towns, Arizona Counties Insurance Pool, Arizona Municipal Risk Retention Pool, and Arizona School Risk Retention Trust, Inc.

---

CHIEF JUSTICE TIMMER authored the Opinion of the Court, in which VICE CHIEF JUSTICE LOPEZ, JUSTICES BRUTINEL, BOLICK, BEENE, MONTGOMERY, and KING joined.

---

CHIEF JUSTICE TIMMER, Opinion of the Court:

¶1        Under A.R.S. § 12-821.01(A), a person with a claim against a public entity or a public employee must timely serve a notice of claim that describes the claim and "contain[s] *a specific amount for which the claim can be settled* and the facts supporting that amount."  (Emphasis added.)  If a notice of claim fails to comply with § 12-821.01(A), the person is barred from suing the public entity or employee on the claim.  § 12-821.01(A); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6 (2007).

¶2        Here, we decide whether Philip Rogers complied with § 12-821.01(A) by serving notices of claim on the City of Mesa and its employee, Gustavo Williams, that offered to settle Rogers' personal injury claim against them for "$1,000,000 or the applicable [insurance] policy limits, whichever are greater."  We conclude that the settlement offer was insufficiently specific to comply with § 12-821.01(A).  Because Rogers did

not timely file a statutorily compliant notice of claim, he is barred from maintaining this lawsuit.

**BACKGROUND**

**¶3**        On November 19, 2021, Williams, a City of Mesa police officer, was driving his patrol car when he was involved in a multi-vehicle accident.   The collision caused Williams' car to strike and injure Rogers as he was legally crossing the street on a bicycle.   Rogers alleges that Williams' negligent driving caused the accident.

**¶4**        On May 16 and May 18, 2022, Rogers timely served notices of claim on the City of Mesa and Williams, respectively, setting forth the basis for Rogers' claims and extending his settlement offer.   *See* § 12-821.01(A) (requiring a claimant to serve a notice of claim within 180 days of the date the claim accrues).   On June 23, following a change in counsel and after expiration of the time to file a notice of claim under § 12-821.01(A), Rogers served amended notices stating he would be willing to settle his claims "for the total sum of $1,000,000."   The parties did not settle.

**¶5**        Rogers filed a complaint against the City of Mesa, the City of Mesa Police Department, and Williams (collectively, the "City").   The City moved to dismiss the complaint, arguing that Rogers had failed to comply with § 12-821.01(A).   Specifically, the City argued that because the only timely filed notices of claim offered to settle for a non-specific amount—"$1,000,000 or the applicable policy limits"—§ 12-821.01 barred his claim.[1]   The superior court denied the City's motion.

**¶6**        The court of appeals accepted the City's subsequently filed petition for special action review and granted the City relief by reversing the superior court's order and directing that court to dismiss the complaint. *See City of Mesa v. Ryan*, 256 Ariz. 350, 352 ¶ 1 (App. 2023).   The court characterized Rogers' May 2022 notices of claim as presenting alternative offers: (1) $1 million; *or* (2) the City's applicable policy limits.   *Id.* at 353 ¶ 10.   In the court's view, neither alternative "provide[d] a means to readily compute the amount for which he would settle," and therefore the notice of claim failed to state "a specific amount for which the claim can be

---

[1]   Because the parties and the superior court interpret the reference to "policy limits" as referring to "insurance policy limits," we likewise give the term this meaning.

settled," as required by § 12-821.01(A). *See id.* at 354 ¶ 16 (quoting § 12-821.01(A)). The court further concluded that Rogers' June 2022 amended notices of claim were untimely and therefore did not cure the deficiency in the original notices. *See id.* at 355 ¶ 20.

¶7 We granted review to decide whether Rogers' May 2022 notices of claim complied with § 12-821.01(A) by offering to settle for "$1,000,000 or the applicable policy limits, whichever is greater," an issue of statewide importance that is capable of repetition. [2] We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

¶8 We review the grant of a motion to dismiss de novo. *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021). We also review issues of statutory construction de novo. *James v. City of Peoria*, 253 Ariz. 301, 303 ¶ 9 (2022). If a statute is subject to only one reasonable interpretation, we apply that interpretation without further analysis. *Id.*

**A. A.R.S. § 12-821.01(A) Requires A Settlement Offer That Sets Forth Either A Specific Amount Or A Basis For Precisely Calculating A Specific Amount.**

¶9 Section 12-821.01(A) provides:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. *The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.* Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

---

[2] We declined to review whether the court of appeals correctly decided that Rogers' June 2022 notices of claim were untimely.

(Emphasis added.) The notice of claim requirements serve important functions. They permit the public entity to investigate the claim, assess liability, consider settlement before litigation, and budget for possible future litigation. *See Deer Valley*, 214 Ariz. at 295 ¶ 6. To further these goals, claimants must strictly comply with the statute. *See Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 10 (2006) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)."); *Swenson v. County of Pinal*, 243 Ariz. 122, 125 ¶ 7 (App. 2017) ("Strict compliance with . . . [§] 12-821.01(A) is generally required.").

**¶10** Here, we are concerned with § 12-821.01(A)'s requirement that a notice of claim "contain a specific amount for which the claim can be settled and the facts supporting that amount." We have said that this requirement is "clear and unequivocal" and "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *Deer Valley*, 214 Ariz. at 296 ¶ 9. The settlement amount need not be apportioned among multiple parties or causes of action. *See Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, 611 ¶ 9 (App. 2018). And it can be a pie-in-the-sky number. *See id.* at 611 ¶ 10 ("The notice of claim statute does not require that the proffered settlement amount be objectively reasonable."). All that is required is that the claimant offer a specific settlement amount that leaves no room for debate about what the public entity must pay to settle the claim. *See Deer Valley*, 214 Ariz. at 296 ¶ 9.

**¶11** To be clear, providing "a specific amount for which the claim can be settled" does not always require recitation of a single, exact number. Setting forth a basis for the public entity to precisely calculate the settlement offer amount also constitutes a "specific amount" in satisfaction of § 12-821.01(A). *See generally A. Miner Contracting, Inc. v. City of Flagstaff*, No. 1 CA-CV 14-0249, 2015 WL 5770603, at *2 ¶ 12 (Ariz. App. Oct. 1, 2015) (mem. decision) (stating that a claimant complies with § 12-821.01(A) "by requesting an unspecified amount of 'additional accrued interest' if the method for calculating the additional interest is clearly identified in the notice"). Of course, claimants would be well served by eschewing use of a formula and instead specifying a sum certain to avoid any contests concerning compliance with § 12-821.01(A).

¶12        Section 12-821.01(A)'s attendant obligation to provide the "facts supporting" the settlement amount compels claimants to provide a "factual foundation to permit the entity to evaluate the amount claimed," thus ensuring that "claimants will not demand unfounded amounts that constitute 'quick unrealistic exaggerated demands.'"  *Deer Valley*, 214 Ariz. at 296 ¶ 9 (quoting *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 466 (App. 1990)); *see also Backus v. State*, 220 Ariz. 101, 107 ¶ 23 (2009) (stating that a claimant complies with § 12-821.01(A) "by providing the factual foundation that the claimant [subjectively] regards as adequate to permit the public entity to evaluate the specific amount claimed").   Together, the requirements for a specific settlement amount and a factual basis supporting that amount "ensure that government entities will be able to realistically consider a claim."   *Deer Valley*, 214 Ariz. at 296 ¶ 9.

**B.   Rogers' May 2022 Notices Of Claim Failed To Set Forth "Specific Amount[s]" For Which His Claims Could Be Settled.**

¶13        Rogers argues that offering to settle for the greater of $1 million or the "applicable policy limits" stated a single "specific amount" under § 12-821.01(A).   He emphasizes that the City could immediately check its policies to determine their limits.   Rogers asserts that, if the policy limits are less than $1 million, the notices explicitly offered to settle for $1 million.    But if the policy limits exceed $1 million, he contends, the notices clearly offered to settle for this greater amount.   The City counters it could not identify a specific amount because the applicability of the City's insurance policies and their limits depends on various factors.   Therefore, the City argues, Rogers did not offer a specific amount for which his claims could be settled because a single amount could not be determined from reading the notices alone.

¶14        We begin by examining the City's insurance policies.   Lisa Lorts, a risk management claims analyst for the City, submitted a declaration describing the City's policies.   She stated that the City has (1) a self-insured retention limit of $3 million; (2) an automobile-liability policy with a $1 million limit; and (3) an excess-carrier policy with a maximum limit of $50 million.   Within the excess-carrier policy, there are "several different 'layers' of coverage that apply under certain circumstances," so that this coverage could range from $10 million to $50 million "depending on the circumstances."   The insurance carriers—not the City—determine which "layer" applies to a particular claim.

**¶15**        Lorts stated that when she received Rogers' notice of claim for the City, she was unable to determine whether Rogers was willing to settle for the $3 million self-insured retention limit, the $1 million automobile-liability policy, or the $10 million to $50 million excess-carrier policy.   Rogers argues that the City could readily pinpoint $54 million as the specific amount for which he was willing to settle his claim.   He arrives at this sum by adding together the City's self-insured retention limit ($3 million), the automobile-liability policy limit ($1 million), and the excess-carrier policy's maximum limit ($50 million).   Thus, he contends, the City was notified that his claim could be settled for $54 million—the greater of $1 million or "applicable policy limits."

**¶16**        We agree with the City that Rogers' notices of claim did not state a "specific amount" for which his claim could be settled, and he therefore failed to comply with § 12-821.01(A).   Simply put, the City could not be certain from reading the notices what specific amount Rogers would be willing to accept to settle his claims.   The questions raised by the notices of claim evidence this uncertainty.

**¶17**        First, because the City is self-insured up to $3 million, an insurance policy might not be "applicable" if Rogers' damages are less than $3 million.   *See* Restatement of the L. of Liab. Ins. § 1(12) (Am. L. Inst. 2019) ("A 'self-insured retention' is the amount specified in a liability insurance policy that must be paid by or on behalf of the insured for a covered loss *before coverage under the policy begins to apply* for the claim or claims to which the self-insured retention applies." (Emphasis added)).   Does that mean Rogers was willing to settle for $1 million if no "policy" applied?   Or was he asking for the automobile-liability policy limits?   Or the excess-carrier limits?   Or both?   The City could not make that determination from reading the notices of claim.

**¶18**        Second, assuming Rogers was offering to settle for the self-insured retention amount plus "applicable policy limits," the City could not determine those limits from the face of the notices.   Which policy was Rogers referring to?   The accident-liability policy, the excess-carrier policy, or both?[3]   And if he was referring to the latter policy, which "layer"

---

[3]   Rogers himself has been inconsistent about which "applicable policy limits" he was referring to in the notices of claim.   In his response to the City's motion to dismiss, he stated that "applicable policy limits" could

would apply to establish the monetary limits? That determination is a legal question because it depends on interpreting the excess-carrier policy terms and applying them to the facts underlying the claim. *See Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 534 (1982) (stating that "[t]he interpretation of an insurance contract is a question of law"). The notices of claim provide no method for determining the "applicable policy limits."

**¶19**　　　　It is also worth questioning whether Rogers could comply with § 12-821.01(A) by pegging the "specific amount for which the claim can be settled" to unknown insurance policies with unknown limits. The statute requires a claimant to set forth facts supporting the "specific amount" sought. § 12-821.01(A). Although the amount does not have to be reasonable, *see Donovan*, 244 Ariz. at 611 ¶ 10, it stands to reason the claimant must have a general idea of that amount to provide "facts supporting" the demand. That cannot occur when the claimant seeks "policy limits" without knowing how many policies the public entity has or the monetary limits of those policies. Rogers' supporting facts are not at issue in this case, but we nevertheless flag this issue to prevent future claimants from stumbling over § 12-821.01(A)'s requirements.

**¶20**　　　　In sum, Rogers' settlement offer in his notices of claim was imprecise and invoked variables that made it impossible for the City to identify the "specific amount" for which he was willing to settle his claims. When qualifying language or conflicting methods of computation trigger alternate settlement amounts, the claimant has failed to state a "specific amount" under § 12-821.01(A). *See Deer Valley*, 214 Ariz. at 296–97 ¶¶ 10–11 (concluding that the claimant failed to state a "specific amount" by using "qualifying language" such as "$35,000 per year or more" and "'no less than' $300,000" (emphasis omitted)); *A. Miner Contracting*, 2015 WL 5770603, at *2 ¶¶ 9–10 (explaining that the claimant failed to offer to settle for a "specific amount" by requesting accrued interest in the notice of claim but including conflicting interest rates and accrual dates). By failing to comply with § 12-821.01(A), Rogers is now barred from maintaining his claims against the City.

---

only refer to the $1 million automobile-liability policy. In the court of appeals and in this Court, he contends that the "applicable policy limits" is $54 million, the total of the self-insurance amount and the maximum limits of the two policies. Rogers' wavering characterization of "applicable policy limits" further evidences the imprecision of the term.

¶21 Where, as here, a claimant's notice of claim fails to communicate a specific amount for which the claim can be settled or provide a method for calculating that specific amount, the claimant has failed to comply with § 12-821.01(A). The takeaway from this case for future claimants is straightforward: failure to state an exact monetary figure in the notice of claim as the specific amount for which the claim can be settled raises a strong risk that the claim will be found statutorily noncompliant.

## CONCLUSION

¶22 For the foregoing reasons, we generally agree with the court of appeals' opinion, although we do not adopt all of its reasoning. Therefore, we vacate ¶¶ 9–19 of the opinion and affirm the remainder. We reverse the superior court's order denying the motion to dismiss and remand with instructions to dismiss Rogers' claims.