NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSEPHINE NGARUIYA, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF HOUSING, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0204

FILED 10-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-018970
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

APPEARANCES

Josephine Ngaruiya, Mesa
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Rebecca Banes, Matthew J. Kelly, Todd Evans
*Counsel for Defendant/Appellee Arizona Department of Housing*

Buchalter PC, Scottsdale
By Stephen Best
*Counsel for Defendant/Appellee Select Portfolio Servicing Inc.*

McCarthy & Holthus LLP, Scottsdale
By Kristin E. McDonald
*Counsel for Defendants/Appellees Quality Loan Service Corporation &
McCarthy Holthus LLP*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1        Josephine Ngaruiya appeals from the dismissal of her complaint challenging the 2022 foreclosure of her house by trustee's sale. The court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Ngaruiya owned a house in Phoenix subject to a deed of trust held by successor trustee Quality Loan Service Corporation. In April 2022, Ngaruiya defaulted, and Quality scheduled a trustee's sale for July 19, 2022. Ngaruiya applied to the Arizona Department of Housing for help with her house payment, but the Department ultimately denied her application. The house was sold at a trustee's sale, and the sale proceeds applied to clear the outstanding loan balance.

¶3        Two years later, Ngaruiya filed a civil complaint in superior court, naming Quality, Select Portfolio Servicing Inc., the buyer, the Department, and McCarthy Holthus, LLP. Select is the loan administrator. McCarthy is the law firm responsible for processing the excess proceeds from the trustee's sale for Quality. The buyer is not a party to this appeal.

¶4        Ngaruiya's complaint acknowledged Ngaruiya received notice of the trustee's sale in April 2022. Even so, Ngaruiya alleged the defendants conspired to wrongfully foreclose on her home, asserting claims for: (1) "fraudulent foreclosure," (2) "grand theft and identity theft," (3) discrimination, (4) "intentional misconduct and negligence," and (5) "unethical business practices." She also specifically accused Quality of refusing to give her "any sort of modification assistance."

¶5        She alleged the Department approved her for assistance with her loan payment and told her in May or June 2022 it would pay the total amount due, but then it did not. She further alleged she was "fraudulently incarcerated in a mental institution" in late June 2022, which provided defendants "an opening to proceed with auctioning [her] home . . . without

notice." She accused the buyer of taking possession of her personal property and stealing her identity.

¶6          Ngaruiya listed her injuries as "being robbed," homelessness, emotional distress, and "loss of [her] home." She requested compensatory and punitive damages, court and legal fees, the return of her home, the "value of all [her] personal belongings" she alleges were stolen, and "future medical costs for PTSD and trauma." As legal bases for her claims, the complaint cites criminal statutes for bribery and theft, "breach of contract and unfair business practices," and "intentional misconduct and intentional purposeful negligence."

## I.     Select

¶7          Select moved to dismiss Ngaruiya's complaint, arguing the complaint did not allege Select engaged in any conduct forming the basis of a viable action. When Ngaruiya did not respond to Select's motion, the superior court granted it and dismissed Select under Ariz. R. Civ. P. 7.1(b)(2). Ngaruiya moved for reconsideration, admitting she had not responded to the motion but asking for reconsideration, saying she was "unaware" she needed to respond to the motion. The superior court denied her motion, finding she did "not establish a valid basis for relief." Ngaruiya again moved for reconsideration. The superior court set oral argument on that motion, but then denied it and vacated the oral argument.

## II.    Quality and McCarthy

¶8          Quality and McCarthy moved to dismiss the complaint against them under A.R.S. § 33-811.C, which says a person waives "all defenses and objections to the sale" unless the person obtains a court injunction of the sale. They also argued the complaint did not identify McCarthy's alleged wrongful conduct and just alleged Quality scheduled the foreclosure sale acting in its role as trustee. As such, the complaint's allegations were insufficient to provide grounds for her listed claims.

¶9          The superior court granted Quality and McCarthy's motion to dismiss. The superior court concluded the complaint made no factual allegations to support a viable claim against McCarthy. The superior court also concluded Ngaruiya's failure to obtain injunctive relief barred her post-sale damages claims against Quality, relying on *Zubia v. Shapiro*, 243 Ariz. 412 (2018).

### III.     State of Arizona

**¶10**     The Department is a nonjural entity, so the State of Arizona has appeared as the proper party. *See Boyd v. State*, 256 Ariz. 468, 475 ¶ 30 (App. 2023) (affirming dismissal of agency when enabling statutes does not allow it to be sued). The State moved to dismiss on three grounds: (1) failure to state a cognizable claim against the Department, (2) failure to file a notice of claim against the State, and (3) failure to file within the applicable statute of limitations.

**¶11**     Ngaruiya admitted she did not file a notice of claim, saying she was not aware of the requirement. She also argued the limitations statute was tolled because she was mentally incompetent while under court-ordered mental health treatment. The superior court granted the State's motion because Ngaruiya missed both the notice of claim deadline and the one-year statute of limitations deadline.

**¶12**     The court has jurisdiction over Ngaruiya's timely appeal under Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

### DISCUSSION

**¶13**     The court reviews *de novo* dismissals under Rule 12(b)(6), Arizona Rules of Civil Procedure. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). Dismissal is appropriate only if no interpretation of the well-pleaded facts would entitle the plaintiff to relief. *Id*. at 356 ¶ 8. When reviewing a Rule 12(b)(6) dismissal, the court assumes all well-pleaded factual allegations are true and draws all reasonable inferences from those allegations, but the court does not give the same consideration to vague or conclusory statements. *Id*. at ¶ 9. The court also reviews *de novo* questions of law. *Id*. at ¶ 8.

### I.     Select

**¶14**     Under Rule 7.1(b)(2) a superior court summarily may grant a motion when the opposing party does not respond. The court reviews the grant of a motion under Rule 7.1(b) for an abuse of discretion. *Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65 ¶ 17 (App. 2010).

**¶15**     Ngaruiya's opening brief does not address her failure to respond to Select's dismissal motion. The court thus could affirm based on waiver. *Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180

¶ 17 (App. 2004) (saying court usually will consider an issue not raised in opening brief as waived). Even so, the court will address it.

**¶16**      In her reply brief, Ngaruiya admits she did not respond to the motion and asks the court to consider her inexperience and her being "forced to defend" herself. The rules of civil procedure apply to all cases without exception, whether a party is represented by counsel or is self-represented. Ariz. R. Civ. P. 1; *Flynn v. Campbell*, 243 Ariz. 76, 83–84 ¶ 24 (2017) (saying self-represented litigants do not get special leniency in application of procedural rules). The record shows Ngaruiya was aware of the motion and chose not to respond. The superior court did not abuse its discretion when it summarily granted the motion based on Ngaruiya's failure to respond.

**¶17**      Ngaruiya also argues the superior court denied her "the right to present . . . evidence" for her claims when it cancelled the oral argument on her second motion for reconsideration. The superior court has broad discretion to decide whether oral argument would be helpful to the court. *See* Ariz. R. Civ. P. 7.1(d) (giving the superior court authority to decide motions without oral argument, even if oral argument is requested); *Cristall v. Cristall*, 225 Ariz. 591, 597 ¶ 29 (App. 2010) (recognizing the superior court has discretion to grant or deny request for oral argument). The court presumes the superior court reconsidered whether oral argument would have been helpful, determined it would not, and then denied the second motion for reconsideration without oral argument. Those decisions are within the superior court's sound discretion.

**¶18**      The superior court did not err when it dismissed Select for failure to state a claim against it. And the superior court did not abuse its discretion when it vacated oral argument on Ngaruiya's second motion for reconsideration and then denied that motion.

## II.   Quality and McCarthy

**¶19**      Ngaruiya's claims against both Quality and McCarthy are tort claims, and she waived them when she failed to secure an injunction of the trustee's sale.

**¶20**      Any person who receives notice of a trustee's sale waives all defenses and objections to the sale unless the person brings an injunctive action before the sale date. A.R.S. § 33-811.C. Failure to file such an action bars post-sale tort claims based on the validity of the sale. *Zubia*, 243 Ariz. at 415 ¶ 18. Ngaruiya did not file an injunctive action before the trustee's sale. She thus waived all claims arising out of the sale. For this reason, the

superior court did not err when it dismissed her claims against Quality and McCarthy.

**¶21** In addition, though Ngaruiya named McCarthy as a defendant in the complaint, she makes no specific factual allegations against it. Based solely on the face of the complaint, the superior court did not err when it dismissed McCarthy.

## III. State of Arizona

**¶22** The superior court dismissed claims against the State because Ngaruiya did not file a timely notice of claim under A.R.S. § 12-821.01.A and because she failed to file her claims within 1 year. A.R.S. § 12-821. Dismissal is appropriate if, as a matter of law, a plaintiff "'would not be entitled to relief under any interpretation of the facts susceptible of proof.'" *Coleman*, 230 Ariz. at 356 ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 (1998).

**¶23** A party must file a notice of claim against a public entity within 180 days of the claim accruing. *See* A.R.S. § 12-821.01.A. "Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6 (2007). Here, the latest Ngaruiya's claim could have accrued was on July 18, 2024, when she filed the lawsuit. She never filed a notice of claim. Because she failed to do so, Ngaruiya has no valid claim against the State. *See Swenson v. Cnty. of Pinal*, 243 Ariz. 122, 128 ¶ 20 (App. 2017) ("[T]here is no dispute that Swenson never filed a notice of claim with the County. Accordingly, Swenson's claim is barred by § 12-821.01(A).").

**¶24** The superior court thus did not err when it dismissed her claims against the State.

## IV. Attorney Fees and Costs

**¶25** Quality requests for attorney fees and costs under A.R.S. § 33-807.E. That subsection says a trustee is entitled to recovery of "costs and reasonable attorney fees" if the trustee is joined in any action other than for breach of trustee's duties under the terms of a deed of trust or the statutes governing deeds of trust. Here, Ngaruiya sought tort relief against Quality under several legal theories. The court thus awards Quality reasonable attorney fees and costs upon compliance with Rule 21, Arizona Rule of Civil Appellate Procedure. The court also awards taxable costs on appeal to all other appellees under A.R.S. § 12-342 upon their compliance with Rule 21, Arizona Rule of Civil Appellate Procedure.

## CONCLUSION

¶26        The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR